IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV,<br><br>Defendants. | Civil Action No. 1:17-cv-01574-RGA |

**MEMORANDUM ORDER**

Presently before me is Defendants' Motion for Leave to File Their Answer, Defenses, and First Amended Counterclaims Under Rule 15(a)(2). (D.I. 38). Plaintiffs oppose the motion, and the parties have briefed the issue. (D.I. 39, 40, 41). For the reasons set forth below, Defendants' Motion is **GRANTED**.

The proposed amended counterclaims include charges of libel per se and trade libel against Plaintiff Easoon based on an April 24, 2018 press release ("Press Release"). (D.I. 39 at 1). The Press Release repeatedly refers to Defendant MOSO International's Bamboo X-Treme product as "counterfeited." (*Id.* at 3 (citing D.I. 39-1, Exh. A)). Bamboo X-Treme is an accused infringing product in the present lawsuit. (D.I. 25 at ¶ 107). The Press Release also heavily emphasizes the patented nature of Plaintiffs' bamboo decking product. (D.I. 39-1, Exh. A).

Federal Rule of Civil Procedure 15(a)(2) provides, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant leave to amend is in the discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a

denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "Futility" means that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* When making this assessment, "the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Plaintiffs argue that Defendants' proposed amendments are futile in light of "controlling Federal Circuit precedent that preempts state law claims based on publicizing patents in the market place." (D.I. 40 at 5). According to Plaintiffs, *Dominant Semiconductors* supports the proposition that "federal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent owner acted in bad faith." (*Id.* (citing *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008))). Moreover, Plaintiffs assert, "Federal patent law . . . preempts state-law tort liability when a patentee in good faith communicates allegations of infringement of its patent." (*Id.* (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999))).

Defendants reject Plaintiffs' broad characterization of Federal Circuit precedent. They argue, "[E]ach case cited by Plaintiffs stands for a specific proposition: federal patent law preempts state law liability when an allegedly improper communication concerns a patent owner's *patent* rights." (D.I. 41 at 2 (emphasis in original)). Defendants note that their proposed counterclaims do not focus on Plaintiffs' patent-related statements, but instead focus on "the accusations [that] MOSO's Bamboo X-treme products are 'counterfeited.'" (*Id.* at 2). I agree with Defendants. For patent law preemption to apply in these circumstances, Defendants' allegedly improper statements must concern patent rights.

The briefing reveals that a key factual issue underlying Defendants' proposed counterclaims is whether Plaintiffs' statements that Defendants' product is "counterfeited" concern Plaintiffs' patent rights. If Plaintiffs are correct that "counterfeited" is the same as "infringing," then it would be true that Defendants must plead bad faith to state a claim. However, assuming Defendants are correct that Plaintiffs' allegedly libelous statements do not concern patent rights, they have sufficiently plead libel per se and trade libel. I must assume Defendants' factual allegations are true at the pleading phase. Therefore, I find that Defendants' proposed counterclaims state a claim and are not futile.

Absent a finding of futility, it is clear that I should grant Defendants' Motion. There is no evidence that the proposed amendment is a product of Defendants' undue delay, bad faith, or dilatory motive. Moreover, the Defendants' proposed counterclaims are highly related to the present action. Therefore, I will grant Defendants' Motion for Leave to File Their Answer, Defenses, and First Amended Counterclaims Under Rule 15(a)(2).

Defendants' Motion for Leave to File Their Answer, Defenses, and First Amended Counterclaims Under Rule 15(a)(2) (D.I. 38) is **GRANTED**.

IT IS SO ORDERED this 26 day of September 2018.

_____
United States District Judge