## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC, | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | C.A. No. 17-1574-RGA |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV, | ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) ) | |

### DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
### MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW

OF COUNSEL:

Thomas G. Pasternak
John M. Schafer
AKERMAN LLP
71 S. Wacker Drive, 46th Floor
Chicago, IL  60606
Tel:  (312) 634-5700


Dated:  November 14, 2018
6002221 / 44587

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants/Counterclaim*
*Plaintiffs MOSO North America, Inc. and*
*MOSO International BV*

# **TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND.............................................................................................. 1

    A. *Inter Partes* Review ................................................................................................ 1

    B. The '578 Patent Litigation and IPR Petition ........................................................ 3

    C. The Case Schedule And Discovery ....................................................................... 4

II. APPLICABLE LAW................................................................................................... 4

III. ARGUMENT ............................................................................................................ 7

    A. A Stay Will Simplify the Issues ........................................................................... 7

        1. The challenged claims are likely to be found unpatentable by the PTO ...................................................................................................... 7

        2. Estoppel from the IPR will simplify the case .................................... 8

        3. The Court and the parties will benefit from the PTO's expert view and will avoid a repeat of claim construction ............................................. 9

    B. This Case is at an Early Stage ................................................................................ 10

    C. Plaintiffs Will Not be Prejudiced by a Stay ......................................................... 11

        1. Plaintiffs are unlikely to prevail or to recover substantial damages ............... 12

        2. Plaintiffs may participate in the IPR .......................................................... 13

        3. This case is still at an early stage and the stay will not be indefinite ............. 13

    D. The State Law Counts Should be Stayed .............................................................. 14

IV. CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
   C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ........................................14

*AIP Acquisition LLC v. Level 3 Communications et al.*,
   C.A. No. 12-617-GMS, 2014 WL 12642000 (D. Del. Jan. 9, 2014) ........................................5

*Am. Piledriving Equip., Inc. v. Geoquip, Inc.*,
   637 F.3d 1324 (Fed. Cir. 2011)..................................................................................................10

*Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*,
   No. 6:15-CV-781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) ..........................................14

*Arrivalstar S.S. v. Canadian Nat'l. Ry. Co.*,
   No. 08C 1086, 2008 WL 294807 (N.D. Ill. July 25, 2008) ......................................................9

*Audio MPEG, Inc. v. Hewlett-Packard Comp.*,
   No. 2:15CV73, 2015 WL 5567085 (E.D. Va. Sept. 21, 2015) ...............................................14

*Black & Decker Inc.*,
   No. 13 C 3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) .....................................................7

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings Inc. et al.*,
   C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014) ........................................5

*Brixham Sols. Ltd. v. Juniper Networks, Inc.*,
   No. 13-CV-00616, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ...........................................6

*Canatelo LLC v. Axis Communications AB et al.*,
   C.A. No. 13-1227-GMS, 2014 WL 12774920 (D. Del. May 14, 2014) ...............................5, 6

*Capriola Corp. v. LaRose Industries, LLC*,
   No. 8:18-cv-2346, 2013 WL 186 8344 (M.D. Fla. Mar. 11, 2013) .................................5, 6, 10

*Cascades Computer Innovation, LLC v. SK Hynix, Inc.*,
   No. 11 C 4356, 2012 WL 2086469 (N.D. Ill. May 25, 2012) .............................................9, 13

*Contour IP Holding, LLC et al. v. GoPro, Inc.*,
   C.A. No. 15-1108-LPS-CJB, 2016 WL 4474340 (D. Del. July 14, 2016) ...........................5, 7

*Cost Brothers, Inc. v. Travelers Indem. Co.*,
   760 F.2d 58 (3rd Cir. 1985) .......................................................................................................4

*Datatreasury Corp. v. Wells Fargo & Co.*,
490 F. Supp. 2d 749 (E.D. Tex. 2006) ............................................................................10, 13

*Destination Maternity Corp. v. Target Corp.*,
12 F. Supp. 3d 762 (E.D. Pa. 2014) ...................................................................................11

*E-Watch, Inc. v. Lorex Canada, Inc.*,
No. H-12-3314, 2014 WL 5425298 (S.D. Tex. Sept. 26, 2013) ..........................................6

*Emhart Indus., Inc.v. Sankyo Seiki Mfg. Co.*,
No. 85 C 7565, 1987 WL 6314 (N.D. Ill. Feb. 2, 1987) ......................................................9

*Emtel, Inc. v. Lipidlabs, Inc.*,
No. H-07-1798, 2013 WL 1707678 (S.D. Tex. Apr. 19, 2013)...........................................11

*Ethicon, Inc. v. Quigg*,
349 F.2d 1423 (Fed. Cir. 1998).............................................................................................4

*Gould v. Central Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983)..........................................................................................4, 9

*Ignite USA, LLC v. Pacific Market Int'l., LLC*,
No. 14-C-856, 2014 WL 2505166 (N.D. Ill. May 29, 2014) ...............................................6

*JAB Distribs., LLC v. London Luxury, LLC*,
No. 009 C 5831, 2010 WL 1882010 (N.D. Ill. May 11, 2010) ............................................9

*Neste Oil OYJ v. Dynamic Fuels, LLC et al.*,
C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013)........................5, 6, 11, 12

*Nexans Inc. v. Belden Inc.*,
C.A. No. 12-1491-SLR-SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014) ..........................14

*Norred v. Medtronic, Inc.*,
No. 13-2061, 2015 WL 554685 (D. Kan. Feb. 12, 2014) .....................................................6

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005)...........................................................................................10

*Pragmatus AV, LLC v. Facebook, Inc.*,
No. 11-cv-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ..................................7

*Princeton Digital Image Corp. v. Konami Digital Entertainment Inc. et al.*,
C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 5, 2014) ...............................5

*Riverbed Tech. Inc. v. Silver Peak Sys. Inc.*,
No. 13-02980, 2014 WL 1647792 (D. Cal. Mar. 14, 2014) .............................................6, 10

*Safe Storage LLC v. Dell Inc. et al.*,
C.A. No. 12-1624-GMS, 2015 WL 13123362 (D. Del. Jan. 23, 2015) .....................................5

*Semiconductor Energy Lab*,
No. SACV 12-21-JST JPRX, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ..................11, 13

*SenoRx, Inc. v. Holagic, Inc.*,
C.A. No. 12-173-1PS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) ....................................13

*Sightound Techs., LLC v. Apple, Inc.*,
No. 11-1292, 2013 WL 2457284 (W.D. Pa. June 6, 2013) .........................................................6

*Star Environtech, Inc. v. Redline Detection, LLC*,
No. SACV 12-01861, 2013 WL 1716068 (C.D. Cal. April 3, 2013) ...................................6, 13

*Sunpower Corp. v. Paneclaw Inc.*,
C.A. No. 12-1633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014) .........................5, 8, 11

*Tap Pharm. Prods., Inc. v. Atri Labs, Inc.*,
No. 03 C 7822, 2004 WL 422697 (N.D. Ill. Mar. 3, 2004); ......................................................9

*VDF FutureCeuticals, Inc. v. Sandwich Isles Trading Co.*,
No. 1:11-cv-00288, 2011 U.S. Dist. LEXIS 148766 (D. Haw. Dec. 27, 2011) .....................10

*VirtualAgility Inc. v. Salesforce.com*,
759 F.3d 1307 (Fed. Cir. 2014).....................................................................................3, 8, 10

## Statutes & Rules

35 U.S.C. § 6 ......................................................................................................................................2

35 U.S.C. § 311(b) .............................................................................................................................2

35 U.S.C. § 313 .............................................................................................................................2, 13

35 U.S.C. § 314(a) .......................................................................................................................2, 3, 8

35 U.S.C. § 314(b) ........................................................................................................................2, 13

35 U.S.C. § 315(e)(2) .....................................................................................................................2, 8

35 U.S.C. § 316(a)(11) ..................................................................................................................2, 13

35 U.S.C. § 316(a)(8) .......................................................................................................................13

35 U.S.C. § 319 ................................................................................................................................13

37 C.F.R. § 42.51 ...............................................................................................................................2

37 C.F.R. § 42.54 ........................................................................................................................2

37 C.F.R. § 42.107(b) ..............................................................................................................2, 13

77 Fed. Reg. 48680 (Aug. 14, 2012) ...........................................................................................2

77 Fed. Reg. 48695 (Aug. 14, 2012)............................................................................................2

77 Fed. Reg. 48756 (Aug. 14, 2012)............................................................................................2

Defendants Moso North America, Inc. and Moso International B.V. (collectively, "MOSO") respectfully request that the Court stay the above-captioned case pending *inter partes* review ("IPR") of claims 1-15 of U.S. Patent No. 8,709,578 ("the '578 patent"). The '578 patent is the only patent asserted here by Plaintiffs against MOSO. On November 2, 2018, MOSO filed a petition seeking IPR of all claims of the '578 patent ("Petition") (Ex. 1). Based on the merits of the Petition, the United States Patent & Trademark Office ("PTO") is likely to institute IPR and find the challenged claims unpatentable.

The three factors that courts consider when deciding whether to stay litigation pending IPR strongly favor staying this case. First, numerous complex and unique issues of patent infringement, invalidity and damages may be eliminated by the IPR. Second, this case is at a very early stage, with claim construction, most fact discovery and depositions, expert reports and depositions, summary judgment and Daubert motions, pretrial disclosures and trial all well in the future and months away. Third, Plaintiffs will not be prejudiced by a stay, as the mere potential for delay is insufficient to establish undue prejudice. For efficiency's sake, the state law claims also should be stayed because they are likely to be settled if the patent claims are extinguished by the IPR and they should not go forward until the patent case is resolved.

## I.     FACTUAL BACKGROUND

### A.     *Inter Partes* Review

As this Court knows, *inter partes* review was created by Congress as an alternative to district court litigation for the express purpose of resolving patent validity challenges. As explained by the PTO, "[t]he purpose of the AIA and this final rule is to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." Changes to Implement *Inter Partes* Review

Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680 (Aug. 14, 2012) (Ex. 2).  In keeping with this mandate, an IPR is an expedited, adversarial proceeding in which the patentee takes discovery, offers its own evidence, and participates in the PTO hearing on patent validity.  35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.54.  Once the PTO issues its final written decision, the petitioner is estopped in litigation from asserting any ground of invalidity that was raised or reasonably could have been raised during the IPR.  35 U.S.C. § 315(e)(2).  Thus, IPR inherently simplifies parallel litigation by invalidating patent claims and foreclosing invalidity defenses in concurrent litigation, while providing full participation and procedural safeguards to the patentee.

IPR challenges are brought by filing a petition requesting review with the PTO.  *See generally* Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 (Aug. 14, 2012) (Ex. 3).  Such challenges are heard by a panel of three Administrative Patent Judges of the PTO's Patent Trial & Appeal Board ("PTAB") having "competent legal knowledge and scientific ability." 35 U.S.C. § 6.  To ensure an expeditious review, the PTO must decide whether to institute review within 6 months after the petition is filed, and it must conduct and resolve the trial within 12 months of institution.  *See id.* §§ 313, 314(b), 316(a)(11); 37 C.F.R. § 42.107(b).[1]

The PTAB will institute review if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  This "reasonable likelihood" finding is a prerequisite for the PTAB to institute IPR. *Id*.  The Federal Circuit has held that the PTAB's decision to institute post-grant review under

---

[1] For good cause shown, the statute also permits an extension of up to six months to the one-year period, 35 U.S.C. § 316(a)(11).  However, the PTO has stated that "[e]xtensions of the one-year period are anticipated to be rare," and IPR proceedings to date have confirmed that is the case with few, if any, extensions granted.  Changes to Implement *Inter Partes* Review Proceedings, 77 Fed. Reg. at 48695 (Ex. 2).

the AIA – including its prerequisite findings that patent claims are likely invalid – cannot be second guessed by a district court when deciding a motion to stay parallel litigation:

> The district court erred as a matter of law to the extent that it decided to "review" the PTAB's determination that the claims of the '413 patent are more likely than not invalid in the posture of a ruling on a motion to stay. Under the statutory scheme, district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims that are subject to CBM proceedings. Indeed, a challenge to the PTAB's "more likely than not" determination at this stage amounts to an improper collateral attack on the PTAB's decision to institute CMB review, and allowing it would create serious practical problems.

*VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1313 (Fed. Cir. 2014).[2]  Thus, once the PTAB institutes IPR, the district court must accept as true the "reasonable likelihood" that at least one of the challenged patent claims will be found invalid.  *Id.*; 35 U.S.C. § 314(a).

## B.      The '578 Patent Litigation and IPR Petition

Plaintiffs filed suit against MOSO on November 2, 2017, and amended their Complaint on December 1, 2017, and again on February 2, 2018.  Plaintiffs' Second Amended Complaint includes counts for Patent Infringement, Tortious Interference with Prospective Economic Advantage, Violation of Delaware's Deceptive Trade Practices Act, and Aiding and Abetting Breach of Fiduciary Duty.  MOSO has counterclaimed, alleging several similar state law causes of action, including defamation and trade libel.

On November 2, 2018, MOSO filed the Petition, challenging all claims 1-15 of the '578 patent.  The Petition is based on several prior art patents and patent applications, and it presents four grounds for invalidity.  (*See generally*, Ex. 1, Petition).  Included with the Petition is the supporting Declaration of Felix Böch, a technical expert in the field of the '578 patent (*see id.* at

---

[2] Although *VirtualAgility* addressed CBM review, the Federal Circuit's analysis and rationale foreclosing collateral attack by district courts on post-grant review proceedings applies equally to IPR.

Ex. 1003). The Petition presents prior art that was not considered by the Examiner and which discloses exactly the element the Examiner found not to be present in the prior art, as well as all of the other elements of the challenged claims. Thus, the Petition presents a strong factual basis for the PTO to institute an IPR and find the challenged claims unpatentable.

### C. The Case Schedule and Discovery

The Court entered a scheduling order on April 12, 2018, with the following major deadlines:

| | |
|---|---|
| Fact Discovery Cutoff: | May 10, 2019 |
| Expert Discovery Cutoff: | October 18, 2019 |
| Claim Construction Hearing: | April 15, 2019 |
| Trial: | May 4, 2020 |

(D.I. 32). No discovery has occurred other than document requests and interrogatories served by both sides. No documents have yet been produced by either side. None of the parties have noticed or taken any depositions. No claim construction activity has taken place. In a word, the case is in its infancy.

## II. APPLICABLE LAW

This Court has the inherent authority to stay this litigation pending the PTO's review of the validity of the '578 patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1424-27 (Fed. Cir. 1998); *Cost Brothers, Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3rd Cir. 1985). Whether to stay a case during a parallel PTO post-grant proceeding is entrusted to the Court's sound discretion. *See Gould v. Central Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983).

Courts in this District often have stayed litigation pending IPR, recognizing the benefits of a stay while the asserted patent undergoes PTO review. See, *e.g., Miics & Partners Am. Inc.*

*v. Toshiba Corp.*, C.A. No. 14-803-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015); *Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB, 2016 WL 4474340, at *5 (D. Del. July 14, 2016); *Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 5, 2014); *AIP Acquisition LLC v. Level 3 Communications, LLC*, C.A. No. 12-1688-GMS, 2014 WL 12642000, at *2 (D. Del. Jan. 9, 2014); *Safe Storage LLC v. Dell Inc.*, C.A. No. 12-1624-GMS, 2015 WL 13123362, at *1 (D. Del. Jan. 23, 2015); *Bonutti Skeletal Innovations, LLC v. Zimmer Holdings Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *7 (D. Del. Apr. 7, 2014); *Sunpower Corp. v. Paneclaw Inc.*, C.A. No. 12-1633-GMS, 2014 WL 12774919, at *3 (D. Del. May 16, 2014); *Canatelo LLC v. Axis Communications AB*, C.A. No. 13-1227-GMS, 2014 WL 12774920, at *2 (D. Del. May 14, 2014); *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013).

As the United States District Court for the Middle District of Florida explained in staying litigation upon the filing of an IPR petition in *Capriola Corp. v. LaRose Industries, LLC*, "the statutory arrangement promises an expeditious response from [the] PTO on whether to conduct *inter partes* review":

> In other words, if the PTO declines *inter partes* review, little time is lost, but if [the] PTO grants *inter partes* review, the promise is greater for an impartial contribution by the PTO to resolution of the governing issues in the litigation…[B]ecause the PTO apparently will not consume much time unless the PTO perceives an important patent issue within the PTO's particular expertise; and because an important issue that appears in the litigation also appears to fall within the PTO's province and particular expertise, prudence commands resort to stay until either the PTO declines review or, finding an important issue within the PTO's specific province the PTO grants and completes review to the benefit of the parties, the court, and the public.  In other words, the investment of some time at this juncture appears wise.

No. 8:12-CV-2346-T-23TBM, 2013 WL 186 8344, at *2-3 (M.D. Fla. Mar. 11, 2013).

And there is no requirement for IPR to have been instituted in order for a court to stay a case pending IPR. Many courts have issued a stay prior to institution, often based on the PTO's statistics indicating the likelihood of *inter partes* review. See*, e.g., Canatelo*, 2014 WL 12774920, at *1 n. 3 ("[S]tatistics indicate that it is very likely the PTO will grant the IPR Petition. [T]he defendants present new art that they allege discloses every element of the patents-in-suits' claims and that was not considered during prosecution of the patents-in-suit"); *Miics & Partners Am. Inc. v. Toshiba Corp.*, C.A. No. 14-803-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015) (granting motion to stay where IPR had not yet been instituted); *Norred v. Medtronic, Inc.*, No. 13-2061-EFM/TJJ, 2014 WL 554685, at *3 (D. Kan. Feb. 12, 2014); *Riverbed Tech. Inc. v. Silver Peak Sys. Inc.*, No. C 13-02980 JSW, 2014 WL 1647399, at *3 (N.D. Cal. Mar. 14, 2014); *Brixham Sols. Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616, 2014 WL 1677991, at *1 (N.D. Cal. Apr. 28, 2014) (granting motion to stay where IPR had not yet been instituted "because the vast majority of requests for *iner partes* review are accepted"); *Ignite USA, LLC v. Pacific Market Int'l., LLC*, No. 14-C-856, 2014 WL 2505166, at *1 (N.D. Ill. May 29, 2014) (granting motion to stay before IPR initiated); *see also, Star Environtech, Inc. v. Redline Detection, LLC,* No. SACV 12-01861, 2013 WL 1716068, at *1 (C.D. Cal. April 3, 2013) (staying case where petition for IPR had not yet been granted); *Sightound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284, at *4 (W.D. Pa. June 6, 2013) (granting motion to stay during the pendency of the PTAB's determination of whether to grant petition for IPR); *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) (staying case where petition for IPR had not yet been granted); *E-Watch, Inc. v. Lorex Canada, Inc*., No. CIV.A. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26,

2013); *Black & Decker Inc.*, No. 13 C 3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) (granting motion to stay before IPR initiated); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011).

This District considers three factors in deciding whether to stay a case: (1) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether the litigation is at an early stage. *Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB, 2016 WL 4474340, at *2 (D. Del. July 14, 2016). As explained below, each of these factors strongly favors staying this case.

## III.    ARGUMENT

### A.    A Stay Will Simplify the Issues

Staying the litigation pending IPR will simplify the issues in various ways, including narrowing or totally eliminating claim construction, fact discovery, expert discovery, dispositive motions, and trial.

#### 1.    The challenged claims are likely to be found unpatentable by the PTO

The Petition is likely to be granted by the PTO and Plaintiffs' challenged claims are likely to be found unpatentable.

Here, statistics strongly indicate the likelihood of IPR. As of April, 2018, the institution rate from inception of IPR for all petitions was 62%; for chemical, 66%; and for mechanical, 69%. Thus, there is approximately a two-in-three chance that the Petition will be granted. And there is a two-in-three chance that all claims will be found unpatentable, as the rate for finding all claims unpatentable is 65%. The rate for finding at least some claims unpatentable is 82%. *See,* USPTO Presentation "Trial Statistics, IPR, PGR, CBM, Patent Trial and Appeal Board April 2018, https://www.uspto.gov/sites/default/files/documents/trial_statistics_ 20180430.pdf, Ex. 4

at. 7 and 11.  See, *also*, 35 U.S.C. 314(a) (granting the PTO authority to institute IPR if the petitioner has shown that there is a "reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition").  As the Federal Circuit has held, "the ultimate simplification of issues" takes place when a post-grant review will involve all associated patent claims - which is the likely outcome here.  See *Virtual Agility*, 759 F.3d at 1314.

On the merits of the IPR, there is a high likelihood that the petition will be granted and the challenged claims cancelled, and any stay would be lifted if the IPR is not granted. *Sunpower Corp.,* 2014 WL 12774919, at *2.  The petition presents prior art that was not previously considered by the PTO and that discloses every element of the challenged claims including the element that the applicant and Examiner stated was not present in the prior art. (See generally Ex. 11).  Thus, the challenged claims are anticipated or obvious, as set forth by the multiple bases of invalidity in the Petition and supported by the expert declaration of Böck. See generally Ex. 1, Petition and Ex. 1003 to Petition.  The result will likely be a notable simplification of issues if a stay is granted and IPR commences.  *See, Round Rock Research LLC v. Dole Food Co. Inc*., C.A. No. 11-1239-RGA, 2012 WL 1185022, at *1-2 (D. Del. Apr. 6, 2012) (granting stay pending reexamination when most of the claims are likely to be affected by the pending reexamination).

### 2.    Estoppel from the IPR will simplify the case

The estoppel effect of the IPR will further simplify the issues here.  As already discussed, the most probable outcome is that the asserted claims will be held unpatentable.  But even if the claims are found to be patentable, MOSO will be unable to relitigate the same invalidity issues that it raised or reasonably could have raised in the Petition.  35 U.S.C. § 315(e)(2).  However, this estoppel only takes effect upon a "final written decision" by the PTAB.  *Id*.  Staying this

case until there is such a final written decision will necessarily simplify the litigation issues by allowing this estoppel to take effect against MOSO.

Without a stay, the parties will needlessly take fact and expert discovery on the prior art before the PTO in the IPR, file dispositive motions on that prior art, and otherwise address the same invalidity issues that will be litigated in the IPR.[3]  And without a stay, "there is a substantial risk of expending substantial resources on testing the validity of patent claims that may ultimately be cancelled or amended by the PTO" *Tap Pharm. Prods., Inc. v. Atri Labs, Inc.*, No. 03 C 7822, 2004 WL 422697, at *2 (N.D. Ill. Mar. 3, 2004); *also Arrivalstar S.S. v. Canadian Nat'l. Ry. Co.*, No. 08 C 1086, 2008 WL 2940807, at *3 (N.D. Ill. July 25, 2008) (discussing "a very real possibility that, if this litigation proceeds in tandem with the PTO reexamination proceedings, the parties will have wasted their resources litigating issues that ultimately may be mooted by the PTO's findings"); *JAB Distributors,* 2010 WL 1882010, at *5 (quoting *Arrivalstar* and concluding that "[i]t would be unwise to welcome that possibility.").

### 3.   The Court and the parties will benefit from the PTO's expert view and will avoid a repeat of claim construction

The Court and the parties will also benefit from the expert review of the '578 patent and the prior art by the PTO's Administrative Patent Judges.  *See, Cascades Computer Innovation, LLC v. SK Hynix, Inc.*, No. 11 C 4356, 2012 WL 2086469, at *2 (N.D. Ill. May 25, 2012); *Arrivalstar*, 2008 WL 2940807, at *2; *Tap Pharm.*, 2004 WL 422697, at *2; *cf also Gould*, 705 F.3d at 1342.  During the IPR, Plaintiffs will make representations about the scope of the '578

---

[3] *C.f., e.g. JAB Distribs., LLC v. London Luxury, LLC*, No. 009 C 5831, 2010 WL 1882010, at *2 (N.D. Ill. May 11, 2010) ("Staying proceedings pending the resolution of a patent reexamination may have numerous benefits, including streamlining the case, simplifying or eliminating remaining issues, promoting settlement, alleviating discovery problems, providing the Court with the PTO's expert review of prior art, and reducing the length and expense of litigation."); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, No. 85 C 7565, 1987 WL 6314, at *2 (N.D. Ill. Feb. 2, 1987) (listing at least seven potential benefits of a litigation stay pending PTO reexamination).

patent and attempt to distinguish the prior art, just as during the initial prosecution.  Plaintiffs'
IPR statements will form part of the still-developing intrinsic record.  *See, Am. Piledriving
Equip., Inc. v. Geoquip, Inc.*, 637 F.3d 1324, 1336 (Fed. Cir. 2011); *Phillips v. AWH Corp.*, 415
F.3d 1303, 1314-19 (Fed. Cir. 2005).  If claim construction is addressed before the IPR is
complete, then claim construction may need to be repeated or revisited.  *See, e.g., VDF
FutureCeuticals, Inc. v. Sandwich Isles Trading Co.*, No. 1:11-CV-00288, 2011 U.S. Dist.
LEXIS 148766, at *5-6 (D. Haw. Dec. 207, 2011).[4]

**B.      This Case Is at an Early Stage**

The Federal Circuit has held that the stage-of-the-case factor is assessed at the time the
motion to stay is filed, not when the motion is decided or when the PTAB institutes review.  "As
for the proper time to measure the stage of the litigation, district courts have adopted the date of
the filing of the motion to stay."  *VirtualAgility, Inc.*, 759 F.3d at 1316.  As of the filing date of
this motion, this case remains at a very early stage with virtually all milestones such as a claim
construction process and ruling, discovery, motion practice, and trial still to come.  The very
early stage of this litigation favors a stay.  See, *Miics & Partners Am. Inc. v. Toshiba Corp.*, C.A.
No. 14-803-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015) (finding that the stage of the
proceedings weighed in favor of a stay where discovery had started but there had been no
depositions and claim construction briefing had not yet started).  The benefits of staying a case in
its early stages are considerable in that doing so advances judicial efficiency and potentially

---

[4] In addition to the simplification arising from cancellation of claims, estoppel, and obtaining the
PTO's view of the claims, courts have previously recognized other benefits arising from a stay
pending post-grant review, including: having the PTO be the first to consider prior art;
alleviating discovery problems relating to prior art; encouraging settlement; reducing the
complexity and length of litigation; limiting issues, defenses, and evidence in pretrial
conferences; and reducing costs for both parties and the Court.  *See, Datatreasury Corp. v. Wells
Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006); *see also Capriola Corp.*, 2013 WL
1868344, at *1 (identifying the same factors and granting a stay pending IPR).

avoids expending both the parties and the court's resources on invalid claims. *Sunpower* Corp., 2014 WL 12774919, at *3.

Courts even have granted stays pending post-grant review in cases much further along than this one. *See e.g., Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770-71 (E.D. Pa. 2014) (citing numerous cases and noting that although "the parties have already conducted a significant amount of discovery", this factor weighs in favor of a stay "if there remains a significant amount of work ahead for the parties and the court even when the parties and/or the court have already devoted substantial resources to the litigation"); *Entel, Inc. v. Lipidlabs, Inc.*, No. H-07-17998, 2013 WL 1707678, at *6 (S.D. Tex. Apr. 19, 2013) (granting a stay following *Markman* hearing; *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.,* No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) ("[C]onsidering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court."   (internal quotation marks omitted)).

### C.    Plaintiffs Will Not Be Prejudiced by a Stay

The mere potential for delay is insufficient to establish undue prejudice. *See SenoRx*, 2013 WL 14425, at *7.  To gauge the likelihood of prejudice, courts consider several sub-factors, including "the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings and the relationship of the parties." *Nexans*, 2014 WL 1232218, at *2, quoting *Boston Scientific Corp. v Cordlis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011).

- Timing of Request for IPR and Request for Stay:  Courts hesitate to grant stays when the timing exhibits a dilatory motive. *Neste Oil OYJ*, WL 3353984 at *2. Here, MOSO filed its IPR petition during the infancy of this litigation and did not wait for the litigation to move forward before petitioning the PTO for IPR. MOSO filed its motion to stay immediately upon the filing of the Petition.  Given the prompt filing of both the Petition for I*nter Partes* Review and the motion to

stay, there is no dilatory motive on MOSO's part.  These factors weigh in favor of a stay.  *Neste Oil OYJ*, WL 3353984 at *2.

- Status of IPR:  MOSO has filed its Petition, and the PTO has six months to decide whether to grant it.  This increases the risk of prejudice.  *Id.*  However, it does not overcome the weight of the other factors here.  *Neste Oil OYJ,* WL 3353984 at *2.

- Relationship of the Parties:  Courts are hesitant to grant a motion to stay when the parties are, as here, direct competitors.  *Nexans* at *3.  However, in this case, Plaintiffs have not filed a motion for preliminary injunction, and that fact tempers this sub-factor.  *Id.*

In sum, the sub-factors favor granting a stay.

### 4.     Plaintiffs are unlikely to prevail or to recover substantial damages

Plaintiffs are not prejudiced by a stay because they are unlikely to prevail in this case or to recover any substantial damages.  Plaintiffs' infringement claim against MOSO has numerous weaknesses and limitations rooted in the '578 patent's claims and a crowded field of prior art. The defects with Plaintiffs' claims include the following:

- <u>Prior art and Contribution to the field of the Art</u>:  The asserted '578 patent is part of a crowded field of prior art.  As Ex. 1 shows, the patent is most likely to be proved invalid.

- <u>Infringement Will be Difficult to Prove</u>:  The claims have several elements that will be difficult, if not impossible, for Plaintiffs to prove.  For example, the patent requires that strips of bamboo be used in the manufacture of product with slots penetrating all the way through them.  See generally, Ex. 1.  As these strips are no longer present in the final product, having been reformed, it will be impossible to prove that the strips used had slots in them, absent the discovery of the underlying manufacturing process for various products at various factories in China which will prove very difficult here.

- <u>Damages are Minimal</u>:  MOSO has just  entered the United States market and is building its sales base.  Thus, any damages will be minimal by the time of trial.

- <u>Plaintiff's Patent Claim Is Exhausted</u>:  Defendant has asserted a defense of patent exhaustion here and they will be seeking an early resolution of that issue.

Because Plaintiffs' claims are meritless and their damages extremely limited, Plaintiffs cannot be prejudiced by a stay pending IPR of the '578 patent.

-12-

### 5.      Plaintiffs may participate in the IPR

Because an IPR is an *inter partes* procedure, Plaintiffs will be able to defend the '578 patent before the PTO.  An IPR provides for full participation by a patent owner at all stages of the proceedings.  *See* 35 U.S.C. §§ 313, 316(a)(8).  Plaintiffs can conduct discovery, submit expert testimony, participate in the IPR hearing, and appeal any adverse decision to the Federal Circuit.  *See id.* §§ 313, 316(a)(8), 319.  The very purpose of IPR is to act as a specialized procedure tailored to quickly and efficiently resolve patent validity disputes as an alternative to district court litigation.  As such, Plaintiffs cannot be prejudiced by staying this case in favor of IPR before the PTO.

### 6.      This case is still at an early stage and the stay will not be indefinite

As discussed, this case is at an early stage.  Indeed, all of the key litigation milestones are to come.  The PTAB must decide whether to institute review within 6 months and complete the IPR within another 12 months – thereby limiting the duration of the requested stay.  *See id.* §§ 313, 314(b), 316(a)(11); 37 C.F.R. § 42.107(b).  "Delay in litigation, without more, generally does not demonstrate undue prejudice."  *SenoRx, Inc. v. Holagic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013); *Cascades*, 2012 WL 2086469, at *1; *see also Semiconductor Energy Lab. Co.*, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012).  Moreover, any "delay caused by the new IPR procedure is significantly less than the delay caused by the old [*inter partes* reexamination] procedure."  *Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-01861 JGB, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (internal quotation marks omitted).  Given this limited duration, Plaintiffs will not be unduly prejudiced or tactically disadvantaged by a stay.[5]

---

[5] The estoppel effect of the IPR further ameliorates any prejudice to Plaintiffs.  *See, e.g., Datatreasury*, 490 F. Supp. at 754 (stating, in the context of reexamination, "[b]y requiring

**D.      The State Law Counts Should Be Stayed**

The claims asserted in the litigation do not need to be identical to the IPR issues for review in order to establish simplification of the case in favor of a stay.  "A complete overlap of the issues in the litigation and the IPR is not required to establish simplification of the case." *Nexans Inc. v. Belden Inc.*, C.A. No. 12-1491-SLR-SRF, 2014 WL 651913, at *4 (D. Del. Feb. 19, 2014), *report and recommendation adopted*, C.A. No. 12-1491-SLR-SRF, 2014 WL 1232218 (D. Del. Mar. 12, 2014); *see also 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) (granting a stay and finding on the whole, the IPR was likely to substantially simplify the issues to be litigated, even though the IPR proceedings would not address a number of the defenses raised in the litigation).

In addition to staying patent claims, courts have been inclined to stay non-patent claims when granting a stay based on the filing of an IPR.  For example, the Eastern District of Texas granted a stay that included trademark and unfair competition claims, as well as patent claims, because it determined that resolution of the IPR was still likely to simplify the case.  *Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 6397269, at *3 (E.D. Tex. Oct. 28, 2016).  Similarly, a district court in Virginia granted a stay because "IPR review of the issues surrounding the patents will simplify, although not entirely dispose of, the case."  *Audio MPEG, Inc. v. Hewlett-Packard Comp.*, No. 2:15CV73, 2015 WL 5567085, at *4 (E.D. Va. Sept. 21, 2015).

Furthermore, given that the patent claims are at the heart of this litigation, resolution of the IPR may provide incentive for the parties to settle any remaining claims.  Thus, in the interest

---

Defendants to stipulate not to challenge the [asserted] patents on grounds considered during the reexaminations, Plaintiff is afforded both the advantage of *ex parte* proceeding and an estoppels effect.").

of simplification and conservation of resources, all of the claims, including the state law claims, should be stayed pending resolution of the IPR.

## IV.  <u>CONCLUSION</u>

For all of these reasons, MOSO requests that this Court stay the entire litigation pending IPR.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Thomas G. Pasternak
John M. Schafer
AKERMAN LLP
71 S. Wacker Drive, 46th Floor
Chicago, IL  60606
Tel:  (312) 634-5700

Dated:  November 14, 2018
6002221 / 44587

By:  */s/ David E. Moore*
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Stephanie E. O'Byrne (#4446)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     dmoore@potteranderson.com
     bpalapura@potteranderson.com
     sobyrne@potteranderson.com

*Attorneys for Defendants/Counterclaim Plaintiffs MOSO North America, Inc. and MOSO International BV*