IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DASSO INTERNATIONAL, INC. and
EASOON USA, LLC,

        Plaintiffs,

v.

MOSO NORTH AMERICA, INC. and
MOSO INTERNATIONAL BV,

        Defendants.

Civil Action No. 1:17-cv-01574-RGA

**MEMORANDUM OPINION**

Sean T. O'Kelly and Thomas H. Kramer, O'KELLY ERNST & JOYCE, LLC, Wilmington, DE; Gerard M. O'Rourke, O'ROURKE LAW OFFICE, LLC, Wilmington, DE; Scott R. Hoopes, MILLS & HOOPES, LLC, Lawrenceville, GA.

    Attorneys for Plaintiffs.

David E. Moore, Bindu A. Palapura, and Stephanie E. O'Byrne, POTTER ANDERSON & CORROON, LLP. Wilmington, DE; Thomas G. Pasternak and John M. Schafer, AKERMAN LLP, Chicago, IL; Evelina Gentry, AKERMAN LLP, Los Angeles, CA.

    Attorneys for Defendants.

August 14, 2019

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before me is Plaintiffs' Motion for Preliminary Injunction. (D.I. 50). The Parties have briefed the motion. (D.I. 51, 60, 81). On July 2, 2019, I held a hearing on the issue of irreparable harm. (D.I. 144 ("Tr.")). As expert reports were not finalized at that time, I have not heard the Parties' expert testimony on likelihood of success. (*See* Tr. at 114:20-115:10).

## I. BACKGROUND

Plaintiff Easoon USA, LLC ("Easoon"), founded in 2008, is in the U.S. bamboo decking business. (D.I. 1 at ¶ 8; Tr. at 6:6-13). It is the exclusive licensee of U.S. Patent No. 8,709,578 ("'578 Patent") titled "Bamboo scrimber[1] and manufacturing method thereof," which is owned by Plaintiff Dasso International, Inc. ("Dasso"). (D.I. 1 at ¶¶ 5, 8). The Dasso commercial bamboo decking products relevant to this case are sold under the brand name dasso.XTR. (*Id.* at ¶ 7).

Defendant MOSO North America, Inc. ("MOSO NA") is a recent entrant into the North American bamboo decking business. (Tr. at 57:14-18; 76:25-77:1). It was founded in 2017 by Brett Kelly, Easoon's former director of business development, shortly after he left his position with Easoon. (*Id.* at 77:17-78:6). Since MOSO NA's founding, a handful of Easoon customers moved their business to MOSO NA. (*Id.* at 105:15-106:19). At least one of those customers, Disdero Lumber, returned its business to Easoon in November 2018. (*See id.* at 104:2-17).

Plaintiffs filed suit on February 11, 2017, alleging that Defendants' Bamboo X-Treme decking products infringe the '578 Patent. (D.I. 1). They also alleged claims of tortious interference with contract and violation of Delaware's Deceptive Trade Practices Act. (*Id.* at ¶¶ 53-64). They subsequently amended their complaint to add a claim of aiding and abetting breach

---

[1] A bamboo scrimber is a composite product made up of "pressure-pressed bamboo strips injected with an adhesive and modified through heat-treatment." (D.I. 51 at 1 n.1).

2

of fiduciary duty. (D.I. 25 at ¶¶ 139-149). Over a year after filing the original complaint, following the breakdown of settlement discussions, Plaintiffs filed this motion for a preliminary injunction. (*See* D.I. 81 at 1-3).

## II. LEGAL STANDARD

Pursuant to 35 U.S.C. § 283, a court in a patent case "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.[2] "The grant or denial of a preliminary injunction pursuant to 35 U.S.C. § 283 is within the discretion of the district court." *Novo Nordisk of N.A., Inc. v. Genentech, Inc.*, 77 F.3d 1364, 1367 (Fed. Cir. 1996) (citation omitted). The Federal Circuit has "cautioned, however, that a preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) (citation omitted).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "These factors, taken individually, are not dispositive; rather, the district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested." *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988). The Federal Circuit, however, has placed particular emphasis on the first two factors: "a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors, *i.e.*, likelihood of success

---

[2] "[A]lthough a procedural matter," because motions under 35 U.S.C. § 283 "involve[] substantive matters unique to patent law," they are governed by the law of the Federal Circuit. *See Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988).

on the merits and irreparable harm." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (emphasis in original). Accordingly, "[w]hile granting a preliminary injunction requires analysis of all four factors, a trial court may . . . deny a motion based on a patentee's failure to show any one of the four factors—especially either of the first two—without analyzing the others." *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1356 (Fed. Cir. 2002); *see also Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 953 (Fed. Cir. 1990) ("If the injunction is denied, the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify the denial.").

## III. ANALYSIS

Plaintiffs have not carried their burden to prove that they are being irreparably harmed by MOSO NA's presence in the U.S. bamboo decking market.[3] Plaintiffs present four harms they argue will prove irreparable if Defendants are allowed to persist in the market: (1) loss of goodwill and reputational harm, (2) price erosion, (3) loss of market share, and (4) disparaging statements. (D.I. 51 at 15-18). I address each harm in turn.

### A. Loss of Goodwill and Reputational Harm

Plaintiffs argue that they are "irreparably harmed from MOSO's illegal sales of its Bamboo X-Treme product in the U.S. Market through loss of goodwill to Plaintiffs' name and brand." (*Id.* at 15). Their support for this argument is a non-sequitur—they argue that they do not license the '578 Patent and that they carefully negotiated the structure of their distribution agreement. (*Id.* at 15-16). Those two facts seem to have little, or nothing, to do with lost goodwill or reputation. Notably, Plaintiffs do not cite any evidence tending to show that MOSO

---

[3] The Parties acknowledged at the July 2, 2019 hearing that they had finished presenting evidence on irreparable harm. (Tr. at 113:12-114:3).

4

NA's presence in the market has actually harmed their reputation or caused a loss of goodwill. (*Id.*). Their evidence that Defendants have affirmatively attempted to harm Easoon's goodwill and reputation, which they do not specifically call out in the briefing, is unconvincing. (*See* D.I. 51-1, Exh. A at ¶ 37 (Easoon CEO Seng Chee Chua's conclusory declaration stating that Mr. Kelly communicated misinformation to customers regarding the status of Easoon and Dasso without explaining *how* Mr. Chua became aware of the alleged communications)). Regardless of whether Defendants communicated inaccurate information to Easoon customers, however, Plaintiffs have failed to show that MOSO NA's mere presence in the marketplace is harming Easoon's reputation or goodwill. Thus, on the record before me, Plaintiffs' claim of loss of goodwill and reputational harm is insufficiently supported. I find that Plaintiffs have failed to carry their burden to establish this type of irreparable harm.

### *B. Price Erosion*

Plaintiffs next argue that they are "irreparably harmed by MOSO's infringing conduct through price erosion." (D.I. 51 at 16). Plaintiffs, however, have provided very limited evidence on the prices of dasso.XTR products and have provided no evidence that they have decreased those prices as a result of MOSO NA's presence in the market. (*See* D.I. 51-1, Exh. A; Tr. at 48:2-49:4). The only direct evidence Plaintiffs present is Mr. Chua's declaration, which states that MOSO NA offered lower prices to Plaintiffs' customers. (D.I. 51-1, Exh. A at ¶ 37). This statement does not carry Plaintiffs' burden as it is not supported by any evidence that such offers caused Plaintiffs to decrease prices, rendering it largely irrelevant to the issue of price erosion. Furthermore, it is not supported by documentary evidence, rendering it less credible. I also note that, while there are only two *bamboo* decking companies in the U.S. at this time, traditional wood decking products always place a constraint on the price Plaintiffs can get for their decking.

5

(*See* Tr. at 45:2-8). The fact that there are other direct competitors to Plaintiffs' products tends to negate the likelihood that price erosion, if any, is primarily caused by Defendants.

Thus, as Plaintiffs have failed to provide any evidence of price erosion, they have failed to establish that they will be irreparably harmed by such erosion.

*C. Loss of Market Share*

Plaintiffs next argue that they are irreparably harmed by losing market share in the bamboo decking industry. (D.I. 51 at 17-18). Much like the other alleged harms, Plaintiffs have not submitted any data to support their claim of lost market share. (*See id.*). They rely heavily on Mr. Chua's declaration that explains Easoon is the sole licensee of the '578 Patent—apparently arguing that the patent itself establishes that any competition results in lost market share. (*Id.*; D.I. 51-1, Exh A at ¶¶ 51-58).

As Defendants point out, Plaintiffs do not "offer[ any] identification of the market, the number of competitors in the market, or its market share before and after Moso entered the market." (D.I. 60 at 5-6). I agree with Defendants' assessment. It is not clear from the papers and testimony that the narrow category of bamboo decking is the proper definition of the market. Plaintiffs compete with decking in general. It may, therefore, be more appropriate to consider the entire market for decking materials rather than exclusively bamboo. Plaintiffs do not present any evidence on this point.

One fact that is clear in the record is that Easoon has been able to recapture customers it lost to MOSO NA. (*See* Tr. at 80:3-13 (explaining that Disdero Lumber, a Pacific Northwest distributor, left MOSO NA to return to Easoon)). Customers' willingness to return to Easoon as a bamboo decking supplier indicates that customer losses now will not necessarily result in irreparable lost market share. Rather, if Easoon is successful in this litigation, the evidence tends to indicate that customers will return to Easoon to supply their bamboo decking requirements.

Thus, I find that Plaintiffs have failed to establish irreparable harm through lost market share. They have provided almost no evidence about the relevant market. The evidence that they did present indicates that whatever losses in market share Easoon may experience in the short term are not likely to be irreparable.

*D. Disparaging Comments*

Finally, Plaintiffs contend, "at the very least, this Court must restrain and enjoin Defendants from their malicious maligning of Plaintiffs in the marketplace." (D.I. 51 at 18). Plaintiffs' evidence of "malicious maligning" is incredibly thin, resting essentially on one paragraph of Mr. Chua's declaration. (*Id.*).

Plaintiffs have not established any disparaging comment-related irreparable harm that might be cured by a preliminary injunction. Any harm that was caused by past comments is done. An injunction will have no impact on that harm. And, assuming harmful comments were made, Plaintiffs present no evidence that Mr. Kelly is likely to make disparaging comments in the future. Moreover, Plaintiffs present no evidence that any comments Defendants may make in the future will cause them irreparable harm. Thus, I find that Plaintiffs have not proven irreparable harm based on disparaging comments.

## IV. CONCLUSION

Plaintiffs allege that they will be irreparably harmed if Defendants are not enjoined prior to trial based on loss of goodwill and reputational harm, price erosion, loss of market share, and disparaging statements by Defendants. They have, however, failed to prove that any of the alleged harms, assuming they occur, will be irreparable. Thus, a preliminary injunction is not appropriate in this case.[4] I will deny Plaintiffs' motion.

---

[4] As I find that Plaintiffs have failed to carry their burden of proving irreparable harm, I need not address the other prongs of the preliminary injunction analysis.

7