IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV, <br><br> Defendants. | Civil Action No. 1:17-cv-01574-RGA |

**MEMORANDUM ORDER**

The Parties recently brought to my attention a discovery dispute related to certain

documents that Plaintiffs have identified as "privileged." They submitted letters on the topic.

(D.I. 150, 151). I held a discovery dispute conference on September 3, 2019. At the conference,

I overruled Defendants' objection to Plaintiffs' assertion of privilege over most of the contested

documents. I left unresolved the issue of whether Plaintiffs can properly assert privilege over

approximately twenty emails exchanged between Plaintiffs' counsel, Plaintiff Dasso

International Inc.'s CEO Avery Chua, and individuals at Hangzhou Dasuo Technology Co. Ltd

("HDT"). Following the conference, Plaintiffs produced *in camera* two of the disputed emails

for my review.

HDT is the exclusive licensee of the Chinese counterpart to Plaintiffs' U.S. Patent No.

8,709,578 ("'578 Patent). (D.I. 150). It also manufactures the bamboo decking product that

Plaintiffs distribute. (*See* D.I. 25 at 19-26). Plaintiffs have consistently denied any official

corporate relationship with HDT. (*See, e.g.*, D.I. 90). They have emphasized that HDT is *not* a

party to this litigation. (*Id.*). Rather, they have characterized their relationship with HDT as

1

"limited to a contractual right to use the dasso branded name and the contractual right to distribute branded product." (*Id.*).

Plaintiffs argue that their communications with HDT are protected under the "common interest doctrine," an exception to the general rules governing attorney-client privilege.

"The attorney-client privilege" is a common-law privilege that "protects communications between attorneys and clients from compelled disclosure." *In re Teleglobe Commc'ns Corp.,* 493 F.3d 345, 359 (3d Cir. 2007). In order for the privilege to apply, there must be "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Id.* (quoting Restatement (Third) of the Law Governing Lawyers § 68 (Am. Law. Inst. 2000)). The party asserting the privilege bears the burden of establishing the requisite elements. *In re Grand Jury,* 705 F.3d 133, 160 (3d Cir. 2012). A communication is only privileged if made in confidence. *Teleglobe,* 493 F.3d at 361. Therefore, if "persons other than the client, its attorney, or their agents are present, the communication is not made in confidence." *Id.* Further, "if a client subsequently shares a privileged communication with a third party, then it is no longer confidential, and the privilege ceases to protect it." *Id.*

The common interest doctrine is an exception to the general rule that voluntary disclosure to a third party of purportedly privileged information waives the privilege. *Leader Techs., Inc. v. Facebook, Inc.,* 719 F. Supp. 2d 373, 376 (D. Del. 2010); *see also Corning Inc. v. SRU Biosystems, LLC,* 223 F.R.D. 189, 190 (D. Del. 2004). The privilege protects "all communications shared within a proper 'community of interest.'" *Teleglobe,* 493 F.3d at 364 (internal citations omitted). To show that there is a proper community of interest, the interests "must be 'identical, not similar, and be legal, not solely commercial.'" *Leader Techs.,* 719 F.

Supp. 2d at 376 (quoting *In re Regents of the Univ. of Cal.,* 101 F.3d 1386, 1390 (Fed. Cir.

1996)). Additionally, to show that the members of the community are "allied in a common legal

cause," the party asserting the privilege bears the burden of showing "that the disclosures would

not have been made but for the sake of securing, advancing, or supplying legal representation."

*See In re Regents of the Univ. of Cal,* 101 F.3d at 1389 (quoting *In re Grand Jury Subpoena*

*Duces Tecum*, 406 F. Supp. 381, 386 (S.D.N.Y. 1975)); *see also In re Bevill, Bresler &*

*Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986).

Plaintiffs have not carried their burden to establish that communications with HDT are

privileged. Specifically, Plaintiffs have not shown that they share an "identical" legal interest

with HDT. It is undisputed that HDT has no legally cognizable interest in the '578 Patent. I do

not find persuasive Plaintiffs argument that HDT's interest in the Chinese Patent amounts to a

legal interest identical to Plaintiffs' interest in the '578 Patent. Far from being identical, the

Chinese Patent is an entirely separate property right that is enforceable only in China. The mere

fact that HDT produces the product that Plaintiffs sell does not amount to a shared legal interest.

Such an arrangement is the epitome of a purely commercial interest in this litigation.[1]  Thus, as it

is undisputed that Plaintiffs  disclosed the contested communications to third party HDT, I find

that any claim of privilege over those emails is waived.

Plaintiff argues in the alternative that HDT is acting as a consulting expert pursuant to

Federal Rule of Civil Procedure 26(b)(4)(D). That Rule provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known
> or opinions held by an expert who has been retained or specially employed by

---

[1] My finding that Plaintiffs and HDT do not meet the common interest doctrine exception is
reinforced by Plaintiffs' earlier representations that their relationship to HDT is purely
commercial, as opposed to legal. I will not now allow Plaintiffs to prevail on a theory that they
have a legal interest in common with HDT after repeatedly representing to the court that they are
separate and distinct from HDT.

another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

The Advisory Committee note further explains:

[Subdivision (b)(4)] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

Fed. R. Civ. P. 26 advisory committee's note to 1970 amendment.

Plaintiffs have not carried their burden to show that they meet the requirements of Rule 26(b)(4)(D). During the discovery dispute conference, Plaintiffs' counsel represented that communicating with HDT was the only means he had of getting factual information about the production of Plaintiffs' product. That representation indicates to me that HDT cannot be treated as an expert in this case. Rather, HDT must be treated as an ordinary witness. Moreover, Plaintiffs have not produced any evidence indicating that they specially employ HDT as an expert. They have not, for example, produced any documents indicating an employment or a retainer agreement related to HDT serving as an expert. The record indicates, far from any special agreement, that Plaintiffs and HDT, who regularly do business together, engaged in conversations about this litigation during their ordinary course of business. Accordingly, I find that communications with HDT do not qualify for Rule 26(b)(4)(D)'s protection from discovery.

As Plaintiffs' communications with HDT are not privileged or excepted from discovery by the Rules of Civil Procedure, **IT IS HEREBY ORDERED** that communications that were addressed to or shared with HDT are subject to discovery.

Entered this __6__ day of September 2019.

United States District Judge

4