IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC., and EASOON USA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MOSO NORTH AMERICA, INC., and MOSO INTERNATIONAL BV, <br><br> Defendants. | Civil Action No. 17-1574-RGA |

MEMORANDUM ORDER

Before me is Defendant MOSO North America and Defendant MOSO International BV's Motion for Leave to File Their Answer, Defenses, and Second Amended Counterclaims. (D.I. 210). The parties have fully briefed the matter. (D.I. 211, 215, 219). For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

**I.  BACKGROUND**

Defendants seek to amend their answer to include counterclaims of slander and slander *per se* against Plaintiff Easoon. (D.I. 210-2 ¶¶ 95-113).[1] Per the amended scheduling order, the deadline to amend the pleadings expired on August 10, 2018 and fact discovery was to conclude on January 20, 2020, though depositions continued into early February. (D.I. 126 at 2, D.I. 202-204). Previously, I granted Defendants' motion to amend their answer to include counterclaims of libel *per se* and trade libel against Easoon. (D.I. 45). Defendants claim that new information from depositions conducted in December of 2019, justifies the addition of these claims. (D.I. 211 at 2).

On December 6, 2019, Defendants deposed John Cody Jones who testified that, when asked about the difference between Plaintiff Dasso's product and MOSO's product, Mr. Jones would say that

---

[1] Defendants' proposed amended answer is cited according to the paragraph numbering beginning on page 54. (D.I. 210-2).

1

MOSO's products are counterfeit. (D.I. 211 at 4). He stated that he had been told the "correct terminology to say" in such a situation. (*Id.*). Easoon's CEO Avery Chua was deposed on December 19 and testified that "when a customer comes up, we say we put out a press release on that, that the product is counterfeit, and at the same time we also say that it's infringing on our patent." (D.I. 211 at 3). Based on these depositions, Defendants have moved to add counterclaims of slander and slander *per se* against Easoon. (D.I. 210-2 ¶¶ 95-113).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has construed Rule 15 liberally, instructing that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (emphasis omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The futility analysis follows the standard that applies to a motion under Rule 12(b)(6). *Id*.

A request that falls after the court's deadline to amend must also meet the "good cause" standard from Rule 16(b)(4). *Premier Comp Sols. v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'Good cause' exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Medical, Inc. v. Ryman Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009). Unlike Rule 15(a), the Rule 16(b) standard focuses on the "diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). The Third Circuit recently clarified that the analysis under Rule 16(b)(4) must

precede the Rule 15(a)(2) analysis. *Premier Comp*, 970 F.3d at 319 ("A party must meet [Rule 16(b)'s] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.").

### III. DISCUSSION

#### A. Good Cause

Defendants argue that they have satisfied the "good cause" standard of Rule 16(b)(4) as it would have been impossible to meet the scheduled deadline to amend given the timing of the relevant depositions. (D.I. 211 at 5). Defendants conducted the depositions of Mr. Jones and Mr. Chua in December 2019, at which time the scheduled deadline for amendment had long passed. (D.I. 219 at 1). The following month, Defendants sent a copy of the proposed amendments to Plaintiffs. (D.I. 211 at 1).

Plaintiffs do not address the Rule 16(b)(4) standard in their answering brief but do allege that Defendants were in possession of the information necessary to file these amendments before the depositions took place. (D.I. 215 at 6-7). In his deposition on January 23, 2020, Brett Kelly, Defendant MOSO North America's CEO, testified that Defendants lost a job because Mr. Jones had informed a potential customer of the "counterfeiting." (D.I. 215 at 7; D.I. 215-2 at 45:3-45:5). Plaintiffs assert that Mr. Kelly's deposition demonstrates that Defendants were aware of the allegedly slanderous conduct before the depositions of Mr. Jones and Mr. Chua. (D.I. 215 at 7). In reply, Defendants submit an affidavit from Mr. Kelly stating that he learned of the incident testified to in his deposition on December 18, 2019. (D.I. 220 at 1). That is, after the deposition of Mr. Jones but before Mr. Chua's deposition. (D.I. 219 at 1). Defendants additionally argue that they are alleging a "scheme" rather than a single incident and could only properly seek to amend "after the magnitude of Dasso's slanderous conduct came to light." (D.I. 219 at 2).

Here, Defendants bear the burden of demonstrating that they acted diligently under Rule 16(b)(4). *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."). I find that they have satisfied this burden. Defendants' proposed amendments appear to be based on information that was discovered in December

3

2019, over a year after the deadline to amend. (D.I. 219 at 1-2). Given the date of Mr. Kelly's deposition, it is unclear why his knowledge of Easoon's comments at that time would necessarily indicate that Defendants had long been aware of Easoon's conduct and failed to act with due diligence. Following the deposition testimony in December that unquestionably yielded relevant information, Defendants sought Plaintiffs' consent to amend on January 30, 2020 and filed this motion on April 20, immediately upon receiving Plaintiffs' refusal to consent. (D.I. 210; D.I. 211-1 at 15). This is sufficient to satisfy due diligence. *See, e.g., Enzo Life Scis. v. Digene Corp.*, 270 F. Supp. 2d 484, 489-90 (D. Del. 2003) (granting leave to amend where the motion was filed approximately a month and half after the relevant depositions); *Evonik Degussa GMBH v. Materia*, 2011 WL 13152274, at *4 (D. Del. Dec. 13, 2011) ("Plaintiff should not be penalized because it prudently waited to obtain key deposition testimony before filing its proposed amendment.").

### B. Rule 15

Plaintiffs argue that this motion should be denied under Rule 15(a)(2) in light of (1) undue delay, (2) the futility of Defendants' claims, and (3) unfair prejudice (D.I. 215 at 6, 8, 12). As Defendants have demonstrated due diligence and reasonable timeliness, as noted above, I will not further address the claim of undue delay.

#### 1. Futility

In order to state a claim for slander under Delaware law, Defendants' proposed counterclaims must include "1) the defamatory character of the communication; 2) publication; 3) that the communication refers to the plaintiff; 4) the third party's understanding of the communication's defamatory character; and 5) injury." *Read v. Carpenter*, 1995 WL 945544, at *2 (Del. Super. Ct. June 8, 1995). Unless pleading slander *per se,* slander is "not actionable without proof of special damages." *Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978). Special damages encompass harm of "a material and generally of a pecuniary nature." *Danias v. Fakis*, 261 A.2d 529, 532 (Del. Super. Ct. 1969). Statements that "(1) malign one in a trade, business or profession, (2) impute a crime, (3) imply that one has a

loathsome disease, or (4) impute unchastity to a woman" are covered by slander *per se*. *Spence*, 396 A.2d at 970.

### a. Slander

Plaintiffs argue that Defendants have failed to plead the necessary elements of slander with the required specificity and, as such, they will suffer undue prejudice in attempting to defend themselves from ill-defined claims. (D.I. 215 at 8-12). Defendants reply that Plaintiffs are attempting to inappropriately heighten the bar for pleading oral defamation and that "specific instances are not required to be pled." (D.I. 219 at 6). I agree with Plaintiffs that the general claim for slander must fail. While it is true that many elements of slander may be averred generally, special damages must be alleged with specificity. *Snavely v. Booth*, 176 A. 649, 656 (Del. Super. Ct. 1935) ("Special damage must be alleged with such particularity as to inform precisely the defendant of the case he is called upon to meet.").

In their amended answer, Defendants state only that "pecuniary loss to MOSO has resulted from the statements." (D.I. 210-2 ¶ 99). This conclusory statement cannot satisfy the heightened standard required when pleading special damages. Elsewhere in their amended answer, Defendants allude to losing business to Plaintiffs, but the pleading does not indicate that these losses occurred as a result of the alleged slander and thus they do not provide support for this claim. *See Danias*, 261 A.2d at 531 (noting that "special damages must be shown to have resulted from the alleged defamation before a cause of action can be supported"). As such, Defendants have failed to plead sufficient facts to state a cause of action for slander in their amended answer. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434-35 (applying the Rule 12(b)(6) standard when examining futility). Permitting Defendants' proposed amendment for slander would be futile.

### b. Slander *Per Se*

In contrast, Defendants have stated facts sufficient to support a claim for slander *per se*. The allegation that Plaintiffs told customers that "MOSO's products are counterfeit" (D.I. 210-2 ¶ 83) falls within the category of statements that "malign one in a trade, business or profession" and is thus actionable as slander *per se* without proof of special damages. *Spence*, 396 A.2d at 970. Defendants'

counterclaim adequately alleges a communication of a defamatory character, made to customers who understood its defamatory nature, referring to MOSO, which harmed MOSO's reputation. (D.I. 210-2 ¶¶ 75, 82-83, 105-113).

Lastly, Plaintiffs contend that the proposed amendments are futile because Defendants have "failed to identify and allege any specific defamatory oral statements made by Easoon" within the two-year statute of limitations for slander under Delaware law. (D.I. 215 at 12); *see also Read v. Baker*, 430 F. Supp. 472, 476 (D. Del. 1977) (noting that "an action to recover damages for libel and slander is 'an action for the recovery of damages for alleged personal injuries' and such actions are barred after the expiration of two years"). While it is true that Defendants have not included any specific dates in support of their counterclaims, the absence of dates does not provide grounds to deny Defendants leave to amend in this case. Defendants allege that Easoon employees "are telling" customers that MOSO's products are counterfeit, which, taking the allegations as true, indicates that tortious conduct continues to occur within the statute of limitations period. (D.I. 210-2 ¶ 83). When examining a claim under the Rule 12(b)(6) standard, the statute of limitations will bar a claim when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)); *see also Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013) (denying a motion to dismiss on statute of limitations grounds where "there is no evidence before the Court regarding the dates"). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel*, 570 F.2d at 1174. As such, Defendants' claim for slander *per se* is not futile for failure to plead specific dates.

Plaintiffs request that I affirmatively disallow the consideration of any statements outside of the two-year statute of limitations. (D.I. 215 at 13). This is not a request that I can consider at the pleading stage. Maybe an applicable tolling provision applies; maybe not. *See White v. Irwin*, 114 F. Supp. 3d 174, 185 (D. Del. 2015). At this time, such a determination is premature.

**2. Unfair Prejudice**

Plaintiffs' claims of unfair prejudice largely concern the difficulty of defending themselves "against unknown and unidentified incidences of slander (oral defamation) and unknown special damages." (D.I. 215 at 10). As I do not grant Defendants' leave to amend for slander, I need not address this argument.

However, Plaintiffs' brief also raises concerns about the timing of this amendment with respect to the slander *per se* claims. (*Id.*). Specifically, Plaintiffs were not informed of Defendants' intent to amend until after the completion of Plaintiff's depositions of MOSO North America's U.S. representatives. (D.I. 215 at 11). According to Plaintiffs' brief, they will be "substantially and intentionally prejudiced by [their] inability to depose and discover facts and information related to the new proposed counterclaims." (D.I. 215 at 11-12). With respect to slander *per se*, I do not agree that Plaintiffs will be unfairly prejudiced by the timing of this amendment. First, the "mere allegation of prejudice" and "the possibility that some additional discovery will be required" are insufficient grounds to establish prejudice. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Second, it appears that much of the relevant information here is within Plaintiffs' control because the counterclaim relates to the conduct of its own salesmen and the existence of its corporate policy to inform customers that MOSO's products are counterfeit. *See Butamax Advanced Biofuels LLC v. Gevo, Inc.*, 2013 WL 571801, at *3 (D. Del. Feb. 13, 2013) (dismissing the argument for unfair prejudice because "[i]nformation regarding its own inequitable conduct lies largely with plaintiff"); *Penn Mut. Life Ins. Co. v. Norma Espinosa 2007-1 Ins. Trust*, 70 F. Supp. 3d 628, 633 (D. Del. 2014) (finding no unfair prejudice where "relevant documents and testimony are already in the possession of Penn Mutual"). The discovery concerns Plaintiffs raise with respect to the slander claim and the necessity of investigating special damages are inapplicable to Defendants' counterclaim for slander *per se*. (D.I. 215 at 10). However, if Plaintiffs think there are additional discovery needs raised by this counterclaim, the parties should meet and confer to establish a limited schedule for resolving them.

## IV.  CONCLUSION

For the reasons set forth above, Defendants are granted leave to amend their answer to include the proposed counterclaim of slander *per se* but denied leave with respect to the proposed counterclaim of slander. As such, Defendants' Motion for Leave to File Their Answer, Defenses, and Second Amended Counterclaims (D.I. 210) is **GRANTED** in part and **DENIED** in part.

Entered this 27th day of October, 2020.

 /s/ Richard G. Andrews
United States District Judge