IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC., and EASOON USA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MOSO NORTH AMERICA, INC., and MOSO INTERNATIONAL BV, <br><br> Defendants. | Civil Action No. 17-1574-RGA |

MEMORANDUM ORDER

Before me is Plaintiff Dasso International and Plaintiff Easoon USA's motion for leave to file their Third Amended Complaint. (D.I. 213). I have considered the parties' briefs on this matter. (D.I. 214, 218, 222). For the reasons set forth below, Plaintiffs' motion is DENIED.

I.     BACKGROUND

Plaintiffs commenced this action in November 2017, asserting claims of patent infringement and tortious interference with a contract against Defendant MOSO North America ("MOSO NA"). (D.I. 1). At about the same time, Easoon filed a separate action in the Northern District of Georgia against the individuals Brett Kelly, Mark Clifton, and David Osterman (collectively "individual Defendants"), all employees of MOSO NA. (D.I. 1 in No. 19-564). This second action alleged, among other things, breach of fiduciary duty, breach of the duty of loyalty, violation of the Uniform Deceptive Trade Practices Act, misappropriation of trade secrets, tortious interference with business relations, fraud, and civil conspiracy. (*Id.*).

In December 2017, Plaintiffs filed their first amended complaint in this court which added Defendant MOSO International BV ("MOSO BV"), swapped the claim of tortious interference with a contract for tortious interference with prospective economic advantage, and added claims of the violation of Delaware's Deceptive Trade Practices Act and aiding and abetting the breach of fiduciary duty. (D.I.

1

10).  Plaintiffs filed a Second Amended Complaint in February 2018 adding detail to these claims. (D.I. 19, 25).  The deadline to amend the pleadings expired on August 10, 2018. (D.I. 126 at 2).

Easoon's action against Kelly, Clifton, and Osterman was transferred to this Court, and later consolidated with this action on May 7, 2019. (D.I. 124; see D.I. 34 in No. 19-564).

Plaintiffs now seek to file a third amended complaint in order add claims of the misappropriation of trade secrets, tortious interference with business relations, and civil conspiracy against the MOSO Defendants. (D.I. 213-1 ¶¶ 151-169). As these claims were only previously alleged against individual MOSO employees Kelly, Clifton, and Osterman, Plaintiffs explain that information learned in depositions in January and February 2020 revealed the "involvement and participation of MOSO." (D.I. 214 at 6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Third Circuit has construed Rule 15 liberally, instructing that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (emphasis omitted).

A request that falls after the court's deadline to amend must also meet the "good cause" standard of Rule 16(b)(4). *Premier Comp Sols. v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).  Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "'Good cause' exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Medical, Inc. v. Ryman Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009). Unlike Rule 15(a), the Rule 16(b) standard focuses on the "diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).  The Third Circuit recently clarified that the analysis under Rule 16(b)(4) must

precede the Rule 15(a)(2) analysis. *Premier Comp Sols.*, 970 F.3d at 319 ("A party must meet [Rule 16(b)'s] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.").

### III.   DISCUSSION

#### A. Rule 16(b)(4)

Plaintiffs have "forfeited" the Rule 16(b)(4) argument as neither their motion nor their opening brief even mention Rule 16(b)(4). *See id.*

Plaintiffs rely heavily on the fact that they have complied with the Amended Scheduling Order I entered on March 3, 2020, to demonstrate diligence and good cause under Rule 16(b)(4). (D.I. 209; D.I. 214 at 9-10; D.I. 222 at 5). This scheduling order extended all deadlines in the case by approximately three months and acknowledged the fact that the parties were "concurrently discussing proposed amendments to the pleadings." (D.I. 209 at 3-4). However, this order did not alter the deadline to amend the pleadings, which passed in August 2018. (D.I. 126 at 2). As such, Plaintiffs' compliance with the amended schedule will not demonstrate due diligence per Rule 16(b)(4) if the proposed amendments should have been brought at an earlier stage in the litigation. The burden is on the Plaintiffs to demonstrate due diligence. *Race Tires Am. Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 86 (3d Cir. 2010).

The crux of Plaintiffs' argument is that new information surfaced in depositions taken this past January and February that established MOSO's involvement in the "theft and usage of Easoon's trade secrets and proprietary information." (D.I. 214 at 9). Plaintiffs assert that their claims against MOSO were confirmed by the discovery of various private emails and a Dropbox folder that allowed Kelly, Osterman, and Clifton to transmit Easoon data to MOSO while they were still employed with Easoon. (D.I. 214 at 7-8; D.I. 222 at 8). Until these depositions, the discovery of the extent of MOSO's involvement was apparently delayed by previous conflicting deposition testimony of Defendant Brett Kelly, the current CEO of MOSO NA. (D.I. 222 at 5-7, Ex. 1 at 2:23-3:1).

3

Defendants reply that Plaintiffs cannot demonstrate due diligence because the claims contained in the proposed amendments "would have been self-evident" upon filing the Second Amended Complaint in February 2018. (D.I. 218 at 2). I agree with Defendants.

Both sides acknowledge that Plaintiffs are seeking to add claims that are not "new" to this litigation but are merely new to Defendants MOSO NA and MOSO BV (collectively "MOSO"). (D.I. 214 at 5; D.I. 218 at 2). However, Plaintiffs' contention that they only recently became aware of the extent of MOSO's involvement sufficient to plead the (1) misappropriation of trade secrets; (2) tortious interference with business relations; and (3) a civil conspiracy involving Defendants Kelly, Osterman, and Clifton, is unpersuasive given their previous pleadings. (D.I. 214 at 4-5).

In their Second Amended Complaint, Plaintiffs describe significant involvement from MOSO in the activities of the individual Defendants. For example, in a section entitled "Kelly, Clifton and Osterman Scheme with MOSO BV," the complaint alleges that MOSO BV "participated in discussions with Kelly, Clifton and Osterman and took actions in concert with Kelly, Clifton and Osterman to establish a MOSO BV subsidiary in the United States." (D.I. 25 ¶ 47). The complaint also alleges contact between Kelly, Osterman, and MOSO BV's director of sales, Arjen Veltman. (D.I. 25 ¶¶ 48, 74-76). At several instances, the complaint indicates that MOSO and the individual Defendants had a plan to obtain and use Easoon's proprietary information, including "customer information, pricing, shippers, etc." (D.I. 25 ¶¶ 62, 76, 119, 123, 124, 142). Lastly, Plaintiffs plead that, prior to resigning from Easoon, Kelly was, on certain occasions, acting "at the direction of MOSO BV," (D.I. 25 ¶¶ 120, 130), and, further, that all three individual Defendants were conspiring with MOSO NA and MOSO BV. (D.I. 25 ¶¶ 62, 142, 147).

Defendants' brief also argues that the proposed new claims are recycled versions of claims already pleaded against MOSO. (D.I. 218 at 4-13). Count II of the Second Amended Complaint alleges tortious interference with prospective economic advantage based on MOSO, acting with Kelly, Osterman, and Clifton, improperly using Easoon's customer lists and false information to divert customers away from Easoon. (D.I. 25 ¶¶ 114-127). Proposed Count VI, tortious interference with business relations, is based on largely the same information. (D.I. 213-1 ¶¶ 159-163). The same can be said when Count IV,

aiding and abetting the breach of fiduciary duty, and proposed Count VII, civil conspiracy, are compared. (D.I. 25 ¶¶ 139-149; D.I. 213-1 ¶¶ 164-169). Though Plaintiffs have included additional information in their proposed amendment, the basis for the new claim is apparent on the face of the Second Amended Complaint.

Given the information contained in the Second Amended Complaint, it appears that Plaintiffs were on notice of MOSO's involvement with the individual Defendants' activities when they filed their motion to amend in early 2018. (D.I. 19). Plaintiffs filed their Second Amended Complaint six months in advance of the original amendment deadline (D.I. 126), eleven months before Mr. Kelly's deposition where he allegedly concealed MOSO's involvement in the conspiracy (D.I. 222 at 6), and more than two years before the pending motion to amend. (D.I. 213).

While the Third Circuit has held that "the passage of time, without more, does not require that a motion to amend a complaint be denied," it has also acknowledged that "at some point, the delay will become 'undue.'" *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *see also Pfizer Inc. v. Sandoz Inc.*, 2013 WL 5934635, at *4 (D. Del. Nov. 4, 2013) (stating that "[w]here delay is undue, however, it weighs in favor of a denial of leave to amend"). In cases where the movant has possessed the required information and yet substantially delayed filing a motion to amend, this court has declined to find good cause under Rule 16(b)(4). *Paoli v. Stetser*, 2013 WL 2154393, at *6 (D. Del. May 16, 2013), *report and recommendation adopted*, 2013 WL 2571380 (D. Del. June 10, 2013) (denying leave to amend in part because the movant had the information necessary "at the time she filed the Complaint"); *Pfizer*, 2013 WL 5934635, at *4 (denying motion to amend where "Defendant had the requisite documents in its possession, at the latest, within a few weeks of the deadline to amend pleadings" and "delayed four months from the final deposition to file the present motion"); *Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430, 433 (D. Del. 2014) (denying leave to amend where movant waited "nearly 7 months" after the relevant document production).

Plaintiffs explain the significant delay between the Second Amended Complaint and this motion by pointing to Mr. Kelly's testimony on January 22, 2019 and July 2, 2019, which contradicted Plaintiffs'

5

theory of MOSO's involvement. (D.I. 222 at 7). Considering Mr. Kelly's conflicting testimony, Plaintiffs argue they needed time to develop the facts necessary to properly plead MOSO's participation in Kelly, Osterman, and Clifton's scheme. (D.I. 222 at 8). However, this argument does not explain why Plaintiffs did not act to amend the complaint to include MOSO before the deadline to amend in 2018, when, on the face of the Second Amended Complaint, it appears they possessed ample information pointing to MOSO's involvement. (D.I. 25). Additionally, Defendants submitted a letter from Plaintiffs' counsel dated July 12, 2019, stating that discovery had revealed "extensive evidence of misappropriation and use of Dasso's proprietary information by MOSO" and that Plaintiffs intended to amend the complaint and take additional depositions. (D.I. 218-1). Plaintiffs' briefing does not address why the intended amendment did not occur until now. As such, I do not find that Plaintiffs have carried their burden of demonstrating due diligence sufficient to satisfy the good cause standard of Rule 16(b)(4). *See Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del 2011) (citing movant's failure to explain delay in denying leave to amend); *see also Paoli*, 2013 WL 215393, at *5; *Carrier Corp.*, 49 F. Supp. 3d at 433. While it is true that recent discovery may have disclosed relevant information, Plaintiffs appear to have been in possession of the information required to plead (1) misappropriation of trade secrets, (2) tortious interference with business relations, and (3) civil conspiracy against MOSO for about two years before the disclosures.

### B. Rule 15(a)(2)

As Plaintiffs have failed to demonstrate good cause under the threshold Rule 16 standard, I will not address their remaining arguments under Rule 15. *Premier Comp Sols.*, 970 F.3d at 319; *see also Carrier Corp.*, 49 F. Supp. 3d at 433-34. Permitting this untimely motion would place a substantial burden on the court and prejudice the corporate Defendants. *See Asahi Glass*, 276 F.R.D. at 420 (finding that "certain prejudice to plaintiff is inherent in this timeline" where motion to amend came six months after the deadline to amend and after the close of fact discovery).

## IV.     CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to File Third Amended Complaint (D.I. 213) is **DENIED**.

Entered this 27th day of October, 2020.

_/s/ Richard G. Andrews_____
United States District Judge