# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC, | ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) C.A. No. 17-1574-RGA ) (consolidated) |
| v. | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV, | ) ) ) |
| Defendants/Counterclaim Plaintiffs. | ) ) ) |
| EASOON USA, LLC, | ) ) |
| Plaintiff, | ) ) |
| | ) C.A. No. 19-564-RGA |
| v. | ) ) **JURY TRIAL DEMANDED** |
| BRETT KELLY, MARK CLIFTON, and DAVID OSTERMAN, a/k/a STEVE OSTERMAN, | ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' OBJECTIONS TO MAGISTRATE'S
## REPORT AND RECOMMENDATIONS

OF COUNSEL:

Thomas G. Pasternak
John M. Schafer
Ruben Castillo
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL  60606
Tel:  (312) 634-5700

Evelina Gentry
AKERMAN LLP
601 West Fifth Street, Suite 300
Los Angeles, CA  90071
Tel:  (213) 688-9500

Dated:  August 16, 2021
7331263 / 44587 (cons.)

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants MOSO North America, Inc., MOSO International BV, Brett Kelly, Mark Clifton, and David S. Osterman a/k/a Steve Osterman*

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................. 1

II.    OBJECTION I - §295 MOTION ......................................................................................... 1

    A.    Standard of Review................................................................................................. 1

    B.    The §295 Motion Should Not Be Granted.............................................................. 2

        1.    The Report Does Not Include Findings That Establish a Substantial Likelihood of Infringement. ........................................................................................ 2

        2.    The Report Improperly Found that Plaintiffs Made Reasonable Efforts of Determining the Accused Process. ....................................................................... 4

        3.    The Court Should Consider the Prejudice to MOSO Caused by Plaintiffs' Delay in Raising the Specter of §295 ................................................................... 6

III.    OBJECTIONS II & III - THE MOTION TO STRIKE AND MOTIONS FOR SUMMARY JUDGMENT ON THE COMPETITION CLAIMS...................................... 6

    A.    Standard of Review................................................................................................. 6

    B.    The *Pennypack* Factors Weigh in Favor of Granting the Motion to Strike................. 7

    C.    The Court Should Grant Defendants Summary Judgment on the Competition Claims .................................................................................................................. 10

IV.    CONCLUSION................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Haines v. Liggett Grp., Inc.*,
975 F.2d 81 (3d Cir. 1992) .................... 2, 7

*Hoyle v. Freightliner, LLC*,
650 F.3d 321 (4th Cir. 2011) .................... 9

*LG Display Co. v. AU Optronics Corp.*,
709 F. Supp. 2d 311 (D. Del. 2010).................... 3, 4, 5

*Nichia Corp. v. VIZIO, Inc.*,
No. 16-0545, 2019 WL 1966665 (C.D. Cal. Mar. 25, 2019) (vacated by stipulation).............. 3

*Nutrinova Nutrition Specialty& Food Ingredients GmbH v. Int'l Trade Comm'n*,
224 F.3d 1356 (Fed. Cir. 2000) .................... 1, 6

*Ollier v. Sweetwater High Sch. Dist.*,
768 F.3d 843 (9th Cir. 2014) .................... 9

*RevoLaze LCC v. J.C. Penny Corp., Inc.*,
No. 2:19-CV-00043-JRG, 2020 WL 2220158 (E.D. Tex. May 6, 2020) .................... 6

*Stella v. Dept. of Ed.*,
367 F. Supp. 3d 235 (D. Del. 2019).................... 9

*Syngenta Crop Protection, LLC v. Willowood, LLC*,
No. 1:15–CV–274, 2017 WL 1133378 (M.D.N.C. Mar. 24, 2017) .................... 5

*TQ Delta, LLC v. Adtran, Inc.*,
No. 14-954-RGA, 2020 WL 4529865 (D. Del. July 31, 2020) .................... 9

*West v. Jewelry Innovations, Inc.*,
No. C 07–1812, 2009 WL 1010848 (N.D. Cal. Apr. 14, 2009) .................... 5

**Statutes**

28 U.S.C. §636(b)(1) .................... 1, 2, 7

35 U.S.C. §295.................... passim

**Rules**

Fed. R. Civ. P. 26(a)(1)(A) .................... 8, 9

Fed. R. Civ. P. 26(e)(1).................... 9, 10

Fed. R. Civ. P. 72(a) ............................................................................................................ 6

Fed. R. Civ. P. 72(b) ............................................................................................................ 1

**Treatises**

2 MCCORMICK ON EVID. §336 (8th ed., 2020)....................................................................... 10

I.  **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(b), Defendants MOSO North America, Inc. MOSO International, B.V., Brett Kelly, Mark Clifton, and David S. Osterman (collectively, "MOSO" or "Defendants") respectfully submit these objections to Chief Magistrate Judge Thynge's Report and Recommendations dated July 25, 2021 (D.I. 316) ("Report"), which concerns dispositive and non-dispositive motions (D.I. 239, 240, 243, 248, 295). While Defendants disagree with a number of the Report's recommendations, the objections are limited to the following issues: the recommendation to grant Plaintiffs Dasso International, Inc. and Easoon USA, LLC's (collectively, "Plaintiffs") Conditional Motion for Presumption under 35 U.S.C. §295 (D.I. 243, "§295 Motion"), the recommendation to deny Defendants' Motion to Strike the Untimely Declarations of Francis James and Ryan Kline (D.I. 295, "Motion to Strike"), and the recommendation to deny Defendants' Motion for Summary Judgment as to Counts II and III of Plaintiffs' Second Amended Complaint (D.I. 25) and Counts III and V of the Complaint in the companion case (No. 19-CV-00564-RGA, D.I. 1) (collectively, the "Competition Claims"). The Report's analyses underlying these recommendations considers only the facts and law most helpful to Plaintiffs, ignores Defendants' evidence and authority, and excuses Plaintiffs' dilatory discovery practices and disregard for this Court's prior Orders. In view of the relevant record and law, the Court should sustain the objections.

II. **OBJECTION I - §295 MOTION**

A.  **Standard of Review**

This Court should review the Magistrate Judge's recommendation on the motion for the presumption under 35 U.S.C. §295 *de novo,* because it requires a court to make findings more akin to summary judgment than to discovery disputes. 28 U.S.C. §636(b)(1)(B); Fed. R Civ. P 72(b)(3); *accord Nutrinova Nutrition Specialty& Food Ingredients GmbH v. Int'l Trade Comm'n*, 224 F.3d

1356, 1360 (Fed. Cir. 2000) (reviewing "the legal conclusion regarding proper application of § 295 without deference"); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (holding that a Magistrate Judge's review of legal issues is subject to plenary review). Here the Magistrate Judge's recommendation relies heavily on findings made in relation to the summary judgment motions. *See* D.I. 316 at 58 n.323, 59 nn.329, 330 (citing portions of Section IV.B of the Report). Further, the Magistrate Judge states that the recommendations are made pursuant to 28 U.S.C. §636(b)(1)(B), which applies to dispositive motions. D.I. 316 at 73.[1]

### B. The §295 Motion Should Not Be Granted.

Under 35 U.S.C. §295, a court may shift the burden to the accused infringer to show non-infringement if the court finds that: "(1) that a substantial likelihood exists that the product was made by the patented process, and (2) that the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable to so determine." Here the Magistrate Judge erred in determining that Plaintiffs established both elements for independent method claims 8 and 16 of U.S. Patent No. 8,709,578. Also the Magistrate Judge improperly dismissed the prejudicial effect of granting Plaintiffs' untimely §295 Motion, which Plaintiffs first raised and filed after the close of expert discovery.

#### 1. The Report Does Not Include Findings That Establish a Substantial Likelihood of Infringement.

In assessing the first element, the Report relies on its prior analysis of evidence and arguments presented in the context of MOSO's motion for summary judgment of non-infringement and fails to substantively address the Parties' evidence regarding infringement (or non-infringement) of the process claims. *See* D.I. 316 at 58 n.323. In considering MOSO's non-

---

[1] Even if the Court were to review this recommendation under clearly erroneous or contrary to law standard, the objections to the recommendations should be sustained for the reasons set forth herein.

2

infringement summary judgment motion, the Magistrate Judge viewed the evidence in the light most favorable to Plaintiffs as the non-moving party and drew all reasonable interferences in Plaintiffs' favor. D.I. 316 at 24. The Report does not cite any authority for continuing to view such evidence in a light most favorable to Plaintiffs as the ***party moving*** for application of a presumption of infringement under §295. As such, the Report's finding of a substantial likelihood that the accused products are made by the patented process is clearly erroneous and contrary to law.

The Report also accepts Plaintiffs' assertion that "only the 'forming a plurality of slots ...' limitations ["Slots Limitations"] are in dispute."[2] D.I. 316 at 58. The Report then states that the Magistrate Judge's conclusion on the first requirement is "[b]ased upon ***the evidence presented by plaintiffs here***, and discussed extensively with respect to MOSO's claims of noninfringement." *Id.* (emphasis added). In doing so, the Report fails to address MOSO's evidence of non-infringement: a declaration from its expert, Dr. Böck, which contradicted the evidence of infringement of several claim terms presented in the declaration of Plaintiffs' expert, Dr. Shmulsky. *See generally* D.I. 277.

Direct conflicts in the evidence weigh against a finding of a substantial likelihood of infringement. *See, e.g.*, *Nichia Corp. v. VIZIO, Inc.*, No. 16-0545, 2019 WL 1966665, at *3 (C.D. Cal. Mar. 25, 2019) (vacated by stipulation) (finding that a conflict in evidence weighed against a substantial likelihood of infringement); *LG Display Co. v. AU Optronics Corp.,* 709 F. Supp. 2d 311, 336-37 (D. Del. 2010) (same). Not only did the Report fail to address the conflict in the experts' declarations concerning infringement of the disputed limitations, the Report ignores

---

[2] The Report's finding here is incorrect. MOSO also contested infringement of certain limitations of claims 16 and 19. *See* D.I. 270 at 18; D.I. 277 at ¶¶98-104. Despite being aware of this contention, Plaintiffs did not substantively address this element in its opening briefing. *See* D.I. 244 at 2 n.1. As such, the Report erred in recommending that the §295 Motion be granted with respect to claims 16 and 19.

3

MOSO's evidence; there is no reference to any of MOSO's evidence in Section IV.F.2.a of the Report. And in Section IV.B.3.c, which as noted above is cross-referenced as supporting the conclusion as to the first requirement of §295, the Report only addresses the evidence of infringement of the Slots Limitations submitted by Plaintiffs in opposition to MOSO's motion for summary judgment. *See* D.I. 316 at 31-35. Rather than addressing MOSO's evidence, the Report states that "MOSO responds with a series of arguments the court has already rejected in conjunction with MOSO's *Daubert* and summary judgment motions."[3] D.I. 316 at 58. The failure to address MOSO's evidence of non-infringement is clearly erroneous and contrary to law.

### 2. The Report Improperly Found that Plaintiffs Made Reasonable Efforts of Determining the Accused Process.

In assessing the second requirement of §295, "courts examine the patentee's discovery efforts and consider whether the patentee followed all of the avenues of discovery likely to uncover the [defendant's] process." *LG Display*, 709 Supp. 2d at 335 (quotation omitted). The Magistrate Judge did not make such a finding; the Report does not substantively discuss Plaintiffs' efforts to determine the process used to make the accused products. Rather, the Magistrate Judge determined that Plaintiffs' requests for production of documents concerning the process used to make the accused products and their request to have Dr. Shmulsky inspect a single Chinese factory was sufficient to satisfy the second element of the §295 analysis. D.I. 316 at 58-59. This conclusion is based on a misapprehension of undisputed facts.

The Report states that "plaintiffs sought documentation of the accused process, which MOSO did not provide." 316 at 59. This finding, however, ignores the fact that MOSO did not have responsive documents to produce, a fact Plaintiffs do not dispute in their briefing. D.I. 244

---

[3] In the portion of the opposition brief cited by Report, MOSO makes a number of citations to Dr. Böck's declaration. *See* D.I. 270 at 8-12 (citing Böck Decl. (D.I. 277)).

at 10 ("MOSO unequivocally stated that: 'MOSO does not have any documents regarding the production process employed by the factories that manufacture [the accused] products….'" (quoting D.I. 245 at Appx383)). The Report also states that "Plaintiffs [] sought to inspect at least one Chinese factory, which Moso opposed." D.I. 316 at 59. This too is incorrect. It is undisputed that MOSO attempted to facilitate an inspection of the Chinese factory, but the factory declined to allow the inspection based on the owner's distrust of Plaintiffs' Chinese supplier.[4] D.I. 244 at 11 (citing D.I. 245 at Appx386); *see also* D.I. 196. Further, MOSO only opposed ***a motion to compel*** inspection of the factory – a motion which this Court denied after finding that MOSO does not control the factory. D.I. 244 at 11; *see also* D.I. 199 at 3:14-18.

Moreover, courts have found that the reasonable efforts necessary to satisfy the second requirement of §295 require making some attempt at obtaining discovery from a foreign manufacturer. *See Syngenta Crop Protection, LLC v. Willowood, LLC*, No. 1:15–CV–274, 2017 WL 1133378, at *9-10 (M.D.N.C. Mar. 24, 2017); *LG Display*, 709 F. Supp. 2d at 336; *West v. Jewelry Innovations, Inc.*, No. C 07–1812, 2009 WL 1010848, at *9 n.3 (N.D. Cal. Apr. 14, 2009). The Report does not explain why Plaintiffs were excused from such efforts. Nor does the Report address Plaintiffs' failure to request materials that its technical expert said would have helped him determine whether the accused process meets the Slots Limitations.[5] *See* D.I. 246 at ¶72.

---

[4] The Report also ignores MOSO's evidence explaining that the requested inspection would not have been effective in resolving infringement of at least the Slots Limitations because the factory Plaintiffs requested to inspect did not have the equipment that processes bamboo into crushed bundles. *See* D.I. 270 at 15 (citing D.I. 275 at ¶8; D.I. 277 at ¶¶45-47).

[5] Further, the Report states that "plaintiffs seek to prove infringement" based "solely [on] Dr. Böck's inspection of the factory as well as the testimony of MOSO's Mr. Zaal." D.I. 316 at 59. This statement ignores the testing and testimony of Dr. Shmulsky, which the Report exclusively cites in Section IV.B.3.c. Additionally, Dr. Böck did not rely on his inspections in forming his opinions in accordance with Court's January 3, 2020 order.

5

Section 295 provides courts with a "potent weapon to use against a non-cooperative defendant." *Nutrinova*, 224 F.3d at 1360. This Court conducted several discovery dispute conferences in this case, none of which concerned a motion to compel MOSO to produce documents. *See* D.I. 74, D.I. 158, D.I. 169, D.I. 199. There is no record of MOSO acting unreasonably during the discovery process or engaging in any discovery misconduct that warrants such the extreme sanction imposed by §295.

### 3. The Court Should Consider the Prejudice to MOSO Caused by Plaintiffs' Delay in Raising the Specter of §295

Lastly, the Report dismisses in a footnote MOSO's argument that Plaintiffs' that it was unfair and prejudicial for Plaintiffs to first disclosing their intent to seek a presumption of infringement under §295 two weeks after the close of expert discovery. D.I. 316 at 60 n.335. In support, the Report quotes from *Nutrinova*, where the Federal Circuit stated that "[t]he specific point during a trial when the trial court should decide a §295 motion raised by the patentee will vary with the facts and circumstances of each case." 224 F.3d at 1360. This misses the point. That *a court can decide a motion under §295* at any time is not the same as stating that *a patent owner can bring a motion under §295* at the any time. As Defendants explained, the prejudice arises not out of when the §295 Motion is decided but when Plaintiffs first gave notice of their intent to bring the motion. D.I. 270 at 19-20. *Accord RevoLaze LCC v. J.C. Penny Corp., Inc.*, No. 2:19-CV-00043-JRG, 2020 WL 2220158, at *1, 3 (E.D. Tex. May 6, 2020) (denying introduction of a presumption of infringement under §295 at the end of fact discovery based in part on prejudice to the accused infringer).

### III. OBJECTIONS II & III - THE MOTION TO STRIKE AND MOTIONS FOR SUMMARY JUDGMENT ON THE COMPETITION CLAIMS

#### A. Standard of Review

The court must modify or set aside any part of a magistrate judge's determination on a

6

motion to strike that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A). A magistrate judge's disposition of a motion for summary judgment is a matter of law subject to plenary review. *Haines*, 975 F.2d at 91.

### B. The *Pennypack* Factors Weigh in Favor of Granting the Motion to Strike

In recommending that the Court deny the Motion to Strike, the Report determined that each *Pennypack* factor weighed in favor of denying the Motion to Strike. While Defendants acknowledge the importance of the declarations to the Competition Claims, the Report's findings as to the other factors are clearly erroneous and contrary to law.

On January 3, 2020, this Court denied Plaintiffs' motion to take the depositions of three third-party witnesses, two of whom would have been Francis James of Richeleau/Weston Premium Woods and Ryan Kline of Disdero Lumber (collectively, the "Undisclosed Witnesses"). D.I. 199 at 4:22-5:14, 13:13-15. Yet despite this Order, Plaintiffs' solicited and submitted declarations from these Undisclosed Witnesses as part of their summary judgment briefing. D.I. 271 at Appx00518-22. Nonetheless, the Report does not find that Plaintiffs exhibited bad faith in obtaining declaratory testimony from these witnesses. D.I. 316 at 67. This is clearly erroneous. Plaintiffs knew of the importance of the Undisclosed Witnesses to their Competition Claims – this is why they sought an extension of fact discovery to depose them. Having failed to obtain deposition testimony, and being faced with motions for summary judgment on the Competition Claims, Plaintiffs made *ex parte* contact with the Undisclosed Witnesses and obtained declarations that include facts not in the record prior to the close of fact discovery. This conduct shows a clear disregard for the Court's January 3, 2020 Order.

Yet the Report excuses Plaintiffs' behavior, "discerning no bad faith on [P]laintiffs' part" because "at no point after that order, have the Plaintiffs deposed or attempted to depose Messrs. James and Kline" and the Undisclosed Witnesses "voluntarily agreed to submit declarations in

7

support of Plaintiff's opposition to summary judgment." D.I. 316 at 67 (quotation omitted). Whether voluntary or not, Plaintiffs obtained testimony from the Undisclosed Witnesses after being denied an extension to obtain this testimony after the fact discovery deadline. The Report's finding that such behavior does not amount to bad faith is clearly erroneous and contrary to this Court's prior Order.

Similarly, the Report clearly erred in finding that any prejudice caused by the untimely disclosure of the Undisclosed Witnesses' declarations could be cured by Defendants taking their deposition. D.I. 316 at 67. Requiring Defendants to obtain, at their expense and at this late stage, the very testimony the Court said in its January 3, 2020 Order Plaintiffs could not obtain after the fact discovery deadline is itself unfair and prejudicial. The Report's finding that the ability to cure weighs against granting the Motion to Strike is clearly erroneous and contrary to the Court's Order.

The Report also erroneously determined that Defendants were not prejudiced by the untimely disclosure of the Undisclosed Witnesses' declarations, despite the aforementioned failure of Plaintiffs to supplement their Rule 26(a)(1)(A) disclosures or their written discovery responses. D.I. 316 at 66. According to the Report, Defendants could not be blindsided by the declarations after moving for summary judgment on the Competition Claims on the ground that the claims were based on inadmissible hearsay. D.I. 316 at 66. But Defendants *were* blindsided; given that Plaintiffs did not identify either Undisclosed Witness in their Rule 26(a)(1)(A) disclosures or written discovery responses, Defendants had no reason to believe that Plaintiffs would use declarations from the Undisclosed Witnesses "to support [their] claims or defenses" in this matter. D.I. 296 at 12-13.

The Report concludes that, because Mr. Chua referenced the Undisclosed Witnesses as potential sources of the hearsay underlying the Competition Claims, Defendants had sufficient

knowledge of the potential for declarations from the Undisclosed Witnesses. D.I. 316 at 66. But the Report ignores the fact that Mr. Chua identified at least eight potential third-party witnesses as potential sources of defamatory statements allegedly made by Defendants, none of whom were identified in Plaintiffs' Rule 26(a)(1)(A) disclosures or written discovery responses. *See* D.I. 296 at 6. Under the Report's reasoning, Defendants could not be prejudiced if any one of these third parties presented a declaration in support of Plaintiffs' opposition to the Motion to Strike. This is contrary to the purpose of Rule 26(a)(1)(A) and 26(e)(1). *Accord Ollier v. Sweetwater High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014) ("That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations."); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) (upholding exclusion of a declaration first submitted with an opposition to a dispositive motion, where the declarant was mentioned in a discovery response but not identified in Rule 26 disclosures); *Stella v. Dept. of Ed.,* 367 F. Supp. 3d 235, 263 (D. Del. 2019) (noting the disadvantage by the opposing party stemming from the inability to depose an affiant). Accordingly, the Report clearly erred in finding that this factor weighs in favor of denying the Motion to Strike.

The Report also incorrectly determined that the potential disruption of an orderly trial weighed in favor of denying the motion to strike because a trial date has not been set as result of the pandemic. D.I. 316 at 67. As this Court has held, "[a]lthough the COVID-19 pandemic has already disrupted plans for an 'orderly and efficient trial,' re-opening discovery to give [the movant] an opportunity to cure the prejudice would only disrupt the schedule further." *TQ Delta, LLC v. Adtran, Inc.*, No. 14-954-RGA, 2020 WL 4529865, at *2 (D. Del. July 31, 2020) .

It is axiomatic that Plaintiffs—not Defendants—bear the burden of producing evidence sufficient to make a prima facie showing of their Fiduciary Duty and Business Tort Claims. See,

9

e.g., 2 MCCORMICK ON EVID. §336 (8th ed., 2020). Accepting the Report's recommendation to deny the Motion to Strike would encourage parties to make passing references as to the identity of trial witnesses in deposition testimony, as opposed to identifying witnesses in initial disclosure and discovery responses. This exactly the type of gamesmanship Rule 26, and particularly Rule 26(e)(1), is designed to prevent.

### C. The Court Should Grant Defendants Summary Judgment on the Competition Claims

Although the Report indicates it did not base its recommendation to deny Defendants' Motions for Summary Judgment on the declarations of the Undisclosed Witnesses, it is clear that Plaintiffs cannot establish the elements of the Competition Claims without the declarations. D.I. 316 at 61-63. Although the Report faults Defendants for not providing more evidence showing the lack of disputed facts, Defendants' point is that there is no admissible evidence establishing the allegedly defamatory statements underlying the Competition. D.I. 241 at 30-31. In an attempt to correct this deficiency, Plaintiffs submitted the Undisclosed Witnesses' declarations. D.I. 269 at 31-33. Because the Motion to Strike should be granted, summary judgment on the Competition Claims should also be granted in Defendants' favor.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendants object to the Report's recommendations to grant Plaintiffs §295 Motion, to deny the Motion to Strike, and to deny Defendants' Motions for Summary Judgment with respect to the Competition Claims.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Thomas G. Pasternak<br>John M. Schafer<br>Ruben Castillo<br>AKERMAN LLP<br>71 S. Wacker Drive, 47th Floor<br>Chicago, IL  60606<br>Tel:  (312) 634-5700<br><br>Evelina Gentry<br>AKERMAN LLP<br>601 West Fifth Street, Suite 300<br>Los Angeles, CA  90071<br>Tel:  (213) 688-9500<br><br>Dated:  August 16, 2021<br>7332199 / 44587 (cons.) | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ David E. Moore*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Stephanie E. O'Byrne (#4446)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE  19801<br>    Tel:  (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    sobyrne@potteranderson.com<br><br>*Attorneys for Defendants MOSO North America, Inc., MOSO International BV, Brett Kelly, Mark Clifton, and David S. Osterman a/k/a Steve Osterman* |

11