## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC, | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) | C.A. No. 1:17-cv-01574-MFK |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV, | ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) ) | |
| EASOON USA, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A.  No. 1:19-cv-00564-MFK |
| BRETT KELLY, MARK CLIFTON, and DAVID OSTERMAN, a/k/a STEVE OSTERMAN, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

### PLAINTIFFS' MOTION TO COMPEL *IN CAMERA* INSPECTION

Plaintiffs Dasso International, Inc., ("Dasso") and Easoon USA, LLC ("Easoon") (collectively "Plaintiffs") hereby move pursuant to Fed. R. Civ. P. Rule 37(a) for an Order compelling Defendants MOSO North America, Inc., and MOSO International BV (collectively "MOSO") to produce for *in camera* inspection an unredacted version of Exhibit 17 to the deposition of Dr. Kent A. Harries.  Plaintiffs respectfully request that the Court determine whether "fairness" under the facts and circumstances of this case requires production of an unredacted (or less redacted) version of Exhibit 17.  Given the time sensitive nature of this

1

motion, Plaintiffs respectfully request that the Court address this motion at the pretrial conference presently scheduled for May 8, 2023.  The subject matter of this motion is relevant to Plaintiffs' motion in limine to exclude the opinions of Dr. Kent A. Harries (MOSO's technical expert) under Fed. R. Evid. Rule 702.  In addition, the subject matter of this motion is relevant to cross-examination and impeachment of Dr. Harries at trial in this matter.

### A.  INTRODUCTION

MOSO partially waived privilege by producing and relying on Exhibit 17 during Dr. Harries' deposition in an effort to rehabilitate his testimony and/or to refresh his recollection. Plaintiffs contend that they are being "prejudiced" as set forth in *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1426 n.13 (3d. Cir. 1991), by MOSO's refusal to produce Exhibit 17 in unredacted form.  Specifically, to the extent MOSO's counsel was informing Dr. Harries about details of the sample collection that took place in February of this year at the Longyou Fuhe factory, that information constitutes "facts or data" considered by Dr. Harries under Fed. R. Civ. P. Rule 26(a)(2)(B)(ii) and is not exempt from discovery pursuant to Rule 26(b)(4)(C)(ii).  In addition, to the extent that MOSO's counsel was informing Dr. Harries of the importance of viewing videos of the sample collection *before* issuing his expert report in this matter, that information is relevant to the admissibility of Dr. Harries' opinions under Fed. R. Evid. Rule 702 and to cross-examination and impeachment of Dr. Harries at trial.  To the extent the Court believes additional portions of Exhibit 17 should be produced to Plaintiffs, Plaintiffs respectfully request an Order compelling MOSO to produce Exhibit 17 to Plaintiffs in unredacted (or less redacted) form.

**B. FACTUAL BACKGROUND**

Dr. Kent A. Harries is the replacement technical expert retained by MOSO in this matter. Dr. Harries issued his report in this matter on February 21, 2023. That report contains opinions directed to the collection of samples taken from the Longyou Fuhe factory. The admissibility of those opinions under Fed. R. Evid. Rule 702 is the subject of a motion in limine filed by Plaintiffs. D.I. 399.

As set forth in the motion in limine, Dr. Harries admitted that he did not observe the sample collection in China because he was sleeping. D.I. 399 O'Rourke Dec. Ex. E at page 34. Dr. Harries also admitted that he did not review any videos of the sample collection prior to issuing his report because he was too busy. D.I. 399 O'Rourke Dec. Ex. E at 35, 122 - 123.

In an effort to rehabilitate his testimony and/or to refresh his recollection, MOSO introduced Exhibit 17 into evidence. Exhibit A hereto. Exhibit 17 is heavily redacted email dated February 19, 2023, with an email preceding it that has even more redactions that may include the "from" line and the "date sent" line between Dr. Harries and MOSO's trial counsel. The sole portion of the February 19, 2023, email produced to Plaintiffs reads as follows:

> I also think you received that video in a USB drive already, but just in case you didn't, you can download and review them here: [included link] (they are all rather large — about 9 GB).

*Id.*

3

## C. ARGUMENT

The Third Circuit Court of Appeals allows a "partial waiver" of privilege only in circumstances where the partial waiver does not prejudice the adverse party. *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1426 n.13 (3d. Cir. 1991). As the Court noted:

> [w]hen a party discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary. *See, for example, In re Von Bulow*, 828 F.2d 94 (2d Cir 1987). If partial waiver does disadvantage the disclosing party's adversary by, for example, allowing the disclosing party to present a one-sided story to the court, the privilege will be waived as to all communications on the same subject.

*Id.* In evaluating the appropriateness of requiring additional disclosure beyond that revealed by the partial waiver, Courts employ a "fairness" test that is evaluated on the circumstances of each case. *Gtech Corp. v. Sci. Games Int'l, Inc.,* 2005 U.S. Dist. LEXIS 56099 at *6 (D. Del. November 22, 2005). If the Court deems the limited disclosure "unfair," then the Court may find waiver as to all communications and materials on the same subject. *Id.*

Here, the redacted email of February 19, 2023, appears to contain information about the sample collection in the redacted portion. Insofar as that is the case, that information is discoverable as "facts or data" Dr. Harries considered in forming his opinions under Rule 26(a)(2)(B)(ii), and not exempt from discovery under Rule 26(b)(4)(C)(ii). In addition, the email may also contain a discussion about the importance of Dr. Harries reviewing the videos *before* issuing his report (which he did not do). Insofar as that is the case, that is relevant under Fed. R. Evid. Rule 703 as well as for impeachment purposes at trial.

Dr. Harries admitted that Exhibit 17 "refreshed his recollection" that he received videos of the sample collection before he issued his report. Ex. B. at pages 121-22. According to Dr. Harries:

4

12 ·Q.· · · ·Does that refresh your recollection about
14· ·when you received or when you were able to see the
15· ·videos in comparison to the date of your -- the
16· ·signing of your report?
17· ·A.· · · ·It would appear to.· If you -- do you mind
18· ·if I look at my own e-mail records?

*Id.* at 121.  Dr. Harries further testified:

7· ·Q.· · · ·Does this refresh your recollection about
·8· ·when you received or were able to watch the
·9· ·videos?
10· ·A.· · · ·It does, yes.
11· ·Q.· · · ·And when was that -- when were you able to
12· ·do so in terms of the date you signed the report?
13· ·A.· · · ·It was apparently on Sunday the 19th.

*Id.* at 122.

The fact that Dr. Harries' did not actually watch the videos before signing his report

because he was "busy" does not change the fact that a waiver occurred.  Had MOSO produced an

unredacted portion of Exhibit 17 (or even a less redacted portion of Exhibit 17), Plaintiffs would

have questioned Dr. Harries about relevant information contained therein.  MOSO prevented

Plaintiffs from doing that.

Because Plaintiffs cannot determine the content of the redacted portions of Exhibit 17 and

the "fairness" of MOSO withholding the redacted material from discovery, Plaintiffs respectfully

request that the Court review the unredacted version of Exhibit 17 *in camera* and decide on the

scope of any waiver.

### D.  CONCLUSION

For the reasons set forth, Plaintiffs respectfully request that the Court compel MOSO to

provide the Court with an unredacted version of Exhibit 17 to the deposition of Dr. Kent Harries

for *in camera* inspection prior to the pretrial conference.  Plaintiffs respectfully request that the

Court address this motion at the pretrial conference presently scheduled for May 8, 2023.

                                             Respectfully submitted,

Dated: May 4, 2023                      **O'KELLY & O'ROURKE, LLC**

OF COUNSEL:                             */s/ Gerard M. O'Rourke*
                                        Sean T. O'Kelly (No. 4349)
Scott R. Hoopes                         Gerard M. O'Rourke (No. 3265)
Mills & Hoopes, LLC                     824 N. Market Street, Suite 1001A
1550 N. Brown Road, Suite 130           Wilmington, DE  19801
Lawrenceville, GA 30043                 (302) 778-4001
(770) 513-8111                          sokelly@okorlaw.com
                                        gorourke@okorlaw.com

                                        *Attorneys for Plaintiffs*