## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV,<br><br>　　　Defendants. | C.A. No. 17-1574-MFK (cons.)<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO CORRECT JURY INSTRUCTION

Defendants respectfully move pursuant to Fed. R. Civ. P. 51 to correct the jury instructions on Easoon Claim 5 (Breach of Fiduciary Duty) and Easoon Claim 6 (Aiding and Abetting Breach of Fiduciary Duty). Counsel conferred regarding this motion. Plaintiffs oppose the relief requested.

After the end of the trial day on June 8, 2023, Defendants first recognized the inclusion of a previously withdrawn claim in the jury instructions. Defendants promptly alerted the Court and Plaintiffs' counsel of this issue and their intention to file this motion. Defendants' proposed corrected instructions are included in Exhibit A.

"Pursuant to Rule 51, a party must object to jury instructions before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds for objection." *Fairchild Semiconductor Corporation v. Power Integrations, Inc.*, 2018 WL 1358814, at *4 (D. Del. 2018). Defendants' motion is timely because the Court has not finished reading the jury instructions, and the jury has yet to start deliberations. Defendants object to the instructions concerning "Easoon Claim 5" and "Easoon Claim 6" because they improperly reference a breach

of a duty of loyalty, which is a claim Plaintiffs dropped on May 25, 2023 (D.I. 425).  As such, the instructions are highly prejudicial to Mr. Kelly, as the evidence presented during trial was directed to defending against Plaintiffs' claim for breach of fiduciary duty.

Additionally, the instructions are inconsistent with the applicable law concerning the fiduciary duty claim against Brett Kelly.  Under Georgia law, a "claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach."  *Bienert v. Dickerson*, 276 Ga. App. 621, 623, 624 S.E.2d 245, 248 (2005).  Fiduciary duties are owed by those in confidential relationships.  A fiduciary or confidential relationship arises "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc." OCGA § 23–2–58 (*see also Yarbrough v. Kirkland*, 249 Ga. App. 523, 527, 548 S.E.2d 670, 673 (2001).

In an effort to minimize disputes, Defendants have modified the current instruction to accord with Georgia law and the case presented to the jury.   Defendants respectfully request entry of the attached corrected instructions.

<div style="display:flex">
<div>

OF COUNSEL:

Thomas G. Pasternak
Timothy K. Sendek
John M. Schafer
Ruben Castillo
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL  60606
Tel:  (312) 634-5700

Evelina Gentry
AKERMAN LLP
601 West Fifth Street, Suite 300
Los Angeles, CA  90071
Tel:  (213) 688-9500

Dated:  June 8, 2023
10861046 / 18779.00001 (cons.)

</div>
<div>

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendants MOSO North America, Inc., MOSO International BV, Brett Kelly, Mark Clifton, and David S. Osterman a/k/a Steve Osterman*

</div>
</div>