# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC, | ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) C.A. No. 1:17-cv-01574-MFK ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV, | ) ) ) ) |
| Defendants/Counterclaim Plaintiffs. | ) |
| EASOON USA, LLC, | ) ) |
| Plaintiff, | ) ) ) C.A. No. 1:19-cv-00564-MFK |
| v. | ) ) **JURY TRIAL DEMANDED** |
| BRETT KELLY, MARK CLIFTON, and DAVID OSTERMAN, a/k/a STEVE OSTERMAN, | ) ) ) ) ) |
| Defendants. | ) ) |

## BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW AND NEW TRIAL OR, IN THE ALTERNATIVE, A REMITTITUR

Dated: July 11, 2023

OF COUNSEL:

Scott R. Hoopes
Mills & Hoopes, LLC
1550 N. Brown Road, Suite 130
Lawrenceville, GA 30043
(770) 513-8111

O'KELLY & O'ROURKE, LLC

Gerard M. O'Rourke (No. 3265)
Sean T. O'Kelly (No. 4349)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4001
gorourke@okorlaw.com
sokelly@okorlaw.com

*Attorneys for Plaintiffs*

TABLE OF CONTENTS

I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ......................... 1

II. SUMMARY OF THE ARGUMENT ................................................................................ 3

III. CONCISE STATEMENT OF FACTS .............................................................................. 5

IV. ARGUMENT ..................................................................................................................... 7

   A. Easoon Is Entitled To JMOL On MOSO's Claims ................................................. 7

      1. Easoon is Entitled To JMOL On MOSO's DDTPA claim. .............................. 8

      2. Easoon Is Entitled To JMOL On MOSO's Defamation Claim ...................... 10

   B. B. Easoon Is Entitled To A New Trial On MOSO's DDTPA And Defamation Claims... 13

V. CONCLUSION ................................................................................................................ 16

i

## TABLE OF AUTHORITIES

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980).. 14

*Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768 (D. Del. 2015) ................................................................................................................................... 14

*CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068 (W.D. Ky 1995)............................................ 12

*Computer Aid, Inc. v. Hewlett-Packard Co.*, 56 F. Supp. 2d 526 (E.D. Pa. 1999)....................... 13

*Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010)............................................................ 15

*Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008) 4, 9, 10, 11, 15

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398 (Fed. Cir. 2018) .......... 8

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998) ......................... 9

*LG Elecs. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804 (E.D. Va. 2001) ........... 4, 9

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993)................................................ 7, 8

*Pannu v. Iolab Corp.*, 155 F.3d 1344 (Fed. Cir. 1998)................................................................... 8

*Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198 (3d Cir. 1986) ............................. 15

*Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089 (3d Cir. 1995).......................................... 15

*Synygy Inc. v. Scott-Levin, 51 F. Supp. 2d 570 (E.D. Pa. 1999)* ................................................. 13

*Williamson v. Consol. Rail Corp.*, 926 F.2d 1344 (3d Cir. 1991) ............................................... 14

*Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999) .............................................. 9

**Statutes**

35 U.S.C. § 271(a) ............................................................................................ 4, 9, 11, 15

6 Del. C. § 2532(a)(8) ............................................................................................................. 8, 9

**Rules**

Fed R. Civ. P. Rule 50(a)(1) ...................................................................................................... 7

Fed. R. Civ. P. 59(a) ................................................................................................................ 13

Fed. R. Civ. P. Rule 50(b) ...................................................................................................... 3, 7

Fed. R. Civ. P. Rule 59(b) .................................................................................................. 3, 5, 7

I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This is a consolidated action involving two separate litigations. The first case is the 1574 action. The 1574 Action is a case brought by Dasso International, Inc., and Easoon USA, LLC, (collectively "Easoon") against MOSO North America, Inc., and MOSO International BV (collectively "MOSO"). Easoon asserted claims for Patent Infringement of United States Patent 8,709,578 ("the '578 Patent") (Count I); Tortious Interference With Prospective Economic Advantage (Count II); Violation of Delaware's Deceptive Trade Practices Act (Count III); and Aiding and Abetting Breach of Fiduciary Duty (of Defendant Brett Kelly)(Count IV). (D.I. 25).

MOSO denied the substantive allegations of the Complaint and raised the following affirmative defenses: (1) failure to state a claim for counts I – IV; (2) non-infringement; (3) invalidity; (4) ensnarement; (5) estoppel; (6) patent exhaustion; (7) lack of causation; and (8) lack of fiduciary duty. (D.I. 263)  MOSO also asserted the following counterclaims: (1) declaratory judgment as to non-infringement of the '578 patent; (2) declaratory judgment of patent exhaustion; (3) declaratory judgment of invalidity of the '578 patent; (4) violation of the Delaware Deceptive Trade Practices Act; (5) tortious interference with prospective economic advantage; (6) libel *per se*; (7) trade libel; and (8) slander *per se* (as to Easoon USA, LLC). (D.I. 263).  Easoon denied the substantive allegations of the Counterclaims. (D.I. 279.)

The second case is the 564 Action. The 564 Action is a case brought by Easoon USA, LLC, ("Easoon") against Brett Kelly ("Kelly"), Mark Clifton ("Clifton"), and Davis S. Osterman, a/k/a/ Steve Osterman ("Osterman")(collectively "Defendants"). The 564 action was filed in the United States District Court for the Northern District of Georgia and transferred to Delaware. Easoon narrowed the claims it originally asserted to the following for purposes of trial: Breach of

1

Fiduciary Duty (Count I – as to Brett Kelly); Misappropriation of Trade Secrets (Count IV – as to all Defendants); and Fraud (Count VI – Defendant Brett Kelly).

The case was tried to a jury verdict in a 5-day trial spanning from June 5 – June 9, 2023. The jury returned a unanimous verdict finding that: (1) MOSO's Bamboo X-treme product infringed claims 1, 2, and 4 – 7 of the '578 patent; (2) the method of manufacturing Bamboo X-treme infringed claims 8, 9, 10, 13 and 15 of the '578 patent; (3) that no asserted claim was proven invalid by MOSO for alleged obviousness, indefiniteness or lack of enablement; (4) that MOSO's infringement was willful; (5) that Easoon was entitled to lost profit patent damages in the amount of $1,500,000; (6) that MOSO tortiously interfered with Easoon's prospective economic advantage and that Easoon was damaged in the amount of $1,500,000; (7) that MOSO violated the Delaware Deceptive Trade Practices Act; (8) that Messrs. Kelly, Clifton and Osterman misappropriated Easoon's trade secrets and that Easoon was damaged in the amount of $1,500,000; (9) that Mr. Kelly breached his fiduciary duty to Easoon; (10) that MOSO aided and abetted Mr. Kelly's breach of his fiduciary duty; (11) and that Mr. Kelly committed fraud. For items 9 – 11, the jury found that Easoon was damaged in the amount of $1,500,000.

The jury found that Easoon: (1) did not tortiously interfere with MOSO's prospective economic advantage; (2) found that Easoon violated the Delaware Deceptive Trade Practices Act; (3) found that Easoon committed defamation; and (4) found that Easoon did not engage in trade libel. For item 3, the jury awarded MOSO $100,000.

The Court entered judgment on the verdict on June 13, 2023. (D.I. 440). The case is presently at the post-trial briefing stage. Easoon has renewed its motion for judgment as a matter of law on MOSO's Delaware Deceptive Trade Practices Act Claim and Defamation Claim. Easoon has also

2

moved for a new trial on these two claims. In the alternative, Easoon has moved for a remittitur on the damages awarded by the jury on the defamation claim.

## II.     SUMMARY OF THE ARGUMENT

Easoon has moved for JMOL pursuant to Fed. R. Civ. P. Rule 50(b) and a new trial pursuant to Fed. R. Civ. P. Rule 59(b) on MOSO's Delaware Deceptive Trade Practices Act ("DDTPA") and defamation claims. In the alternative, Easoon has moved for a remittitur on the damages awarded on MOSO's defamation claim. These are the only two claims on which the jury found for MOSO in the entire litigation. However, the jury's verdict cannot stand.

Easoon is entitled to Judgment As a Matter of Law ("JMOL") pursuant to Fed. R. Civ. P. Rule 50(b) on MOSO's DDTPA and Defamation claims. With regard to the DDTPA claim, MOSO's operative pleading (D.I. 263) makes clear that MOSO accused Easoon of violating the DDTPA by: (1) informing MOSO's customers that Easoon may sue them for patent infringement (*id.* at pars. 45 and 46); (2) informing MOSO's customers that MOSO does not carry product liability insurance and lacks inventory to fulfill purchase orders (*id.* at par. 47); (3) that dassoXTR and Bamboo X-treme are identical (*id.* at par. 48); and (4) there was no patent exhaustion (*id.* at par. 48). MOSO's operative pleading did ***not*** assert a violation of the DDTPA based on statements that its products were allegedly "counterfeit." Instead, MOSO's operative pleading only asserted "defamation" claims based on the "counterfeit" statements. D.I. 263 at Counts VI, VII and VII (pars. 61 – 104).

In light of the foregoing, Easoon is entitled to JMOL on the DDTPA claim. With regard to the first alleged violation of the DDTPA, Easoon prevailed on its patent infringement claim at trial. Therefore, MOSO's customers are, in fact, liable for patent infringement for selling MOSO's product. *LG Elecs. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 811 (E.D. Va.

3

2001)(a reseller incurs liability for selling the infringing products if the Court finds that the manufacturer infringes the asserted patent); *see also* 35 U.S.C. § 271(a).  Furthermore, MOSO's claim is also preempted under at least *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008).  Under *Dominant,* there can be no "bad faith" assertion of the '578 patent given that the jury found the '578 patent valid and infringed.

With regard to the second alleged DDTPA violation, MOSO did not present any evidence in support of this claim at trial.  As a result, Easoon is entitled to JMOL on this ground as well.

With regard to the third alleged DDTPA violation, Easoon is entitled to JMOL because the statement is true (*i.e.*, it is not deceptive).  There was ample evidence at trial that MOSO's Bamboo X-treme is identical to dassoXTR.com.  PTX 48, 69, 102, 104, 105, 694; Trial Tr. 345 – 352 (identical products).   In fact, there was no evidence that the products are in any way "different."  As a result, there was no evidence at trial to support this alleged violation.

Finally, this Court granted summary judgment to Easoon on the grounds that no patent exhaustion took place.  D.I. 316, 322 & 323.  As a result, this allegation cannot support a violation of the DDTPA.

Because there is no legal basis for finding a violation of the DDTPA based on MOSO's operative pleading, the Court should grant Easoon JMOL.

With regard to the defamation claims (counts VI – VIII), Easoon is entitled to JMOL because: (1) the statement that MOSO's product is "counterfeit"  is not defamatory (it is true and/or "substantially true"); (2) the defamation claims are preempted by the federal patent laws pursuant to at least *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008), because they were referring to patent infringement at least via their characterization of MOSO's product as "unauthorized;" (3) MOSO failed to proffer any evidence directed to "loss of

4

reputation;" and (4) MOSO offered nothing by way of damages testimony or other evidence and, therefore, there is no support for the jury's award of $100,000 in damages to MOSO (*i.e.,* it is the result of impermissible speculation).

With regard to grounds 3 and 4, both MOSO parties are for-profit corporations. As such, the MOSO entities do not have the same reputational interests as individuals under the defamation laws. Although Delaware has not, as yet, addressed this issue, other courts require a corporate defamation plaintiff to establish "loss of reputation" via a showing of lost profits and/or actual pecuniary loss. MOSO proffered no such evidence and, as a result, its defamation claims must fail as a matter of law.

Easoon has also moved for a new trial pursuant to Fed. R. Civ. P. Rule 59(b) on the DDTPA and Defamation claims. To the extent that the Court believes that a new trial is proper remedy on the DDTPA and Defamation claims (as opposed to an outright grant of JMOL in favor of Easoon), a new trial is warranted because the jury's verdict is clearly against the weight of the evidence. As set forth above, there is no legal basis for a finding of liability under the DDTPA based on MOSO's operative pleading. With regard to the defamation claim, the alleged statements were "true" or "substantially true," MOSO's claim is preempted, and MOSO failed to prove a loss of reputation and failed to prove that it suffered any actual damages.

In the alternative, the Court should grant a remittitur to Easoon on MOSO's damages award. Because MOSO has not proven any loss of reputation and any actual damages, the Court should award MOSO only nominal damages of $1 (one dollar).

### III. CONCISE STATEMENT OF FACTS

MOSO's operative pleading is D.I. 263. A review of that pleading makes clear that MOSO only asserted that Easoon violated the DDTPA by: (1) informing MOSO's customers that Easoon

5

may sue them for patent infringement (*id.* at pars. 45 and 46); (2) informing MOSO's customers that MOSO does not carry product liability insurance and inventory to fulfill purchase orders (*id.* at par. 47); (3) that dassoXTR and Bamboo X-treme are identical (*id.* at par. 48); and (4) there was no patent exhaustion (*id.* at par. 48).  MOSO's operative pleading did *not* assert a violation of the DDTPA based on statements that its product was allegedly "counterfeit."  Instead, MOSO's operative pleading only asserted "defamation" claims based on the "counterfeit" statements.  D.I. 263 at Counts VI, VII and VII (pars. 61 – 104).  The Court consolidated the libel *per se* and slander *per se* claims into a single count of "defamation" at trial.

With regard to the first alleged violation of the DDTPA, Easoon prevailed on its patent infringement claim at trial.  With regard to the second alleged DDTPA violation, MOSO did not present any evidence in support of this claim at trial.  With regard to the third alleged DDTPA violation, there was ample evidence at trial that MOSO's Bamboo X-treme is identical to dassoXTR.com. PTX 48, 69, 102, 104, 105, 694; Trial Tr. 345 – 352 (identical products).  In fact, there was no evidence that the products are in any way "different."  As a result, there was no evidence at trial to support this alleged violation.  Finally, this Court granted summary judgment to Easoon on the grounds that no patent exhaustion took place.  D.I. 316, 322 & 323.

With regard to the defamation claim, it was based entirely on Easoon's statements that MOSO's products are "counterfeit" (*i.e.,* infringing and unlicensed).  The evidence was uniformly in Easoon's favor that this was the meaning behind the word "counterfeit.  For example, all documentary evidence proffered by MOSO uses the term "counterfeit" in connection with the term "unauthorized." (*i.e.*, unlicensed under the '578 patent).  *See* DTX 47; DTX 262.  Additional documentary evidence explicitly tied the use of the term "counterfeit" to the filed patent infringement litigation (*i.e.,* this litigation).  PTX 280. Similarly, the oral testimony from Easoon

was clear that "counterfeit" meant "infringing." Trial Tr. at 300. As a result, there was no evidence for the jury to infer that the term meant something different than infringing and unlicensed.

MOSO offered no proof of actual damage whatsoever in support of its defamation claim. Trial Tr. at 545- 546 (Mr. Zaal could not quantify damages without guessing); Trial Tr. at 681 – 684 (Kelly claims that damage existed but did not quantify it with any specificity). Similarly, MOSO offered no proof of diminution of reputation whatsoever, particularly in the form of lost profits and/or actual pecuniary loss.

## IV. ARGUMENT

Easoon has moved for JMOL pursuant to Fed. R. Civ. P. Rule 50(b) and a new trial pursuant to Fed. R. Civ. P. Rule 59(b) on MOSO's Delaware Deceptive Trade Practices Act ("DDTPA") and defamation claims. In the alternative, Easoon has moved for a remittitur on the damages awarded to MOSO on MOSO's defamation claim. Each motion will be addressed in turn.

### A. Easoon Is Entitled To JMOL On MOSO's Claims.

JMOL may be entered against a non-moving party if the Court "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue." Fed R. Civ. P. Rule 50(a)(1). JMOL is appropriate "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993).

Following a jury trial, a renewed motion for JMOL under Rule 50(b) may be granted only if the movant demonstrates "that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by] the jury's verdict

cannot in law be supported by those findings." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (alteration in original) (internal quotation marks omitted). Substantial evidence is such relevant evidence that a reasonable mind might accept it as adequate to support the finding under review. *See Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018). In determining whether substantial evidence supports the jury verdict, the Court may not make credibility determinations, weigh the evidence or substitute its own conclusions for that of the jury where the record evidence supports multiple inferences. *See Lightning Lube*, 4 F.3d at 1166.

Easoon is entitled to JMOL on MOSO's DDTPA and Defamation claims. Both claims are contrary to law and/or lack any supporting evidence. Each claim will be addressed in turn.

1. Easoon is Entitled To JMOL On MOSO's DDTPA claim.

With regard to the DDTPA claim, MOSO's operative pleading (D.I. 263) makes clear that MOSO accused Easoon of violating the DDTPA by: (1) informing MOSO's customers that Easoon may sue them for patent infringement (*id.* at pars. 45 and 46); (2) informing MOSO's customers that MOSO does not carry product liability insurance and inventory to fulfill purchase orders (*id.* at par. 47); (3) that dassoXTR and Bamboo X-treme are identical (*id.* at par. 48); and (4) there was no patent exhaustion (*id.* at par. 48). MOSO's operative pleading did not assert a violation of the DDTPA based on statements that its product was allegedly "counterfeit." Instead, MOSO's operative pleading only asserted "defamation" claims based on the "counterfeit" statements. D.I. 263 at Counts VI, VII and VII (pars. 61 – 104).

MOSO's pleading (D.I. 263) relied on 6 *Del. C.* § 2532(a)(8). That section provides:

> (a) A person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, that person:

8

> …
>
> (8) Disparages the goods, services, or business of another by false or misleading representation of fact;

6 *Del. C.* § 2532(a)(8). Easoon is entitled to JMOL on the DDTPA claim because none of the asserted violations of DDTPA are legally sufficient and/or supported by substantial evidence. There is nothing "false" or "misleading" about them as required by the DDTPA.

With regard to the first alleged violation of the DDTPA involving assertions that MOSO's customers are liable for patent infringement, Easoon prevailed on its patent infringement claim at trial. Therefore, MOSO's customers are, in fact, liable for patent infringement for selling MOSO's product. *LG Elecs. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 811 (E.D. Va. 2001)(a reseller incurs liability for selling the infringing products if the Court finds that the manufacturer infringes the asserted patent); *see also* 35 U.S.C. § 271(a)( "Except as otherwise provided in this title, **_whoever_** without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.")(emphasis supplied).

Furthermore, this claim is also preempted under at least *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008), *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998), and *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999). This line of cases preempts any liability under State law claims based on publicizing a patent unless the assertion was made in "bad faith." Here, there can be no "bad faith" assertion of the '578 patent given that the jury found the '578 patent valid and infringed.

With regard to the second alleged DDTPA violation, MOSO alleged that Easoon informed MOSO's customers that MOSO does not carry product liability insurance and lacked inventory to fulfill purchase orders (*id.* at par. 47). However, MOSO did not present any evidence in support

9

of this claim at trial. As a result, Easoon is entitled to JMOL on this ground as well because there is no evidence (much less "substantial evidence") supporting this allegation.

With regard to the third alleged DDTPA violation, Easoon is entitled to JMOL because the statement is true (*i.e.,* it is not "false" or "misleading" as required by the DDTPA). There was ample evidence at trial that MOSO's Bamboo X-treme is identical to dassoXTR.com. PTX 48, 69, 102, 104, 105, 694; Trial Tr. 345 – 352 (identical products). In fact, there was no evidence that the products are in any way "different." As a result, there was no evidence at trial to support this alleged violation.

Finally, MOSO alleged that Easoon violated the DDTPA by making allegedly "false" statements about patent exhaustion. However, this Court granted summary judgment to Easoon on the grounds that no patent exhaustion took place. D.I. 316, 322 & 323. As a result, this allegation cannot support a violation of the DDTPA as a matter of law. Any alleged assertion by Easoon that there was no patent exhaustion was, in fact, true.

Because there is no legal basis for finding a violation of the DDTPA based on MOSO's operative pleading, the Court should grant Easoon JMOL on the DDTPA claim.

2. Easoon Is Entitled To JMOL On MOSO's Defamation Claim.

With regard to the defamation claims (counts VI – VIII), Easoon is entitled to JMOL because: (1) the statement that MOSO's product is "counterfeit" is not defamatory (it is true and/or "substantially true"); (2) the defamation claims are preempted by the federal patent laws pursuant to at least *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008), because they were referring to patent infringement at least via their characterization of MOSO's product as "unauthorized;" (3) MOSO failed to proffer any evidence directed to "loss of

reputation;" and (4) there is no evidentiary support (nor was any presented at trial) for the jury's award of $100,000 in damages to MOSO (*i.e.*, it is the result of impermissible speculation).

The jury verdict on the defamation claim is not supported by "substantial evidence" because the statement that MOSO's product is "counterfeit" refers to the fact that the products are unlicensed and infringing. Section 271(a) of the patent code provides:

> (a)Except as otherwise provided in this title, whoever **without authority** makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a)(emphasis supplied). All documentary evidence proffered by MOSO uses the term "counterfeit" in connection with the term "unauthorized." (*i.e.,* unlicensed under the '578 patent in a manner that invokes § 271(a)). *See* DTX 47; DTX 262. Additional documentary evidence explicitly tied the use of the term "counterfeit" to the filed patent infringement litigation. PTX 280. Similarly, the oral testimony from Easoon was clear that "counterfeit" meant "infringing." Trial Tr. at 300. As a result, there was no evidence for the jury to infer that the term meant something different than infringing and unlicensed. In short, the statement is "true" and/or "substantially true" and the jury instructions forbade the jury from finding the statements defamatory. D.I. 435 at pp 45 – 46.

MOSO's defamation claim is also preempted by the federal patent laws pursuant to at least *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008), because the statements at issue were referring to patent infringement at least via their characterization of MOSO's product as "unauthorized. The *Dominant* case prevents imposition of State law liability for assertions of patent infringement claims that are not made in "bad faith."

11

Here, the jury found the '578 patent valid and infringed. As a result, there can be no "bad faith," and MOSO's defamation claim must fail.

MOSO also did not proffer any evidence of loss of reputation. Here, the jury instructions specifically provided:

> If you find that Easoon committed oral or written defamation and the alleged statements were not true or substantially true, then you must determine how much MOSO's reputation has been harmed. ***To make that determination, you must consider the reputation that MOSO enjoyed before the defamatory publication as compared to the reputation that MOSO enjoyed after the publication, and whether that reputation has actually been diminished since the publication.***

D.I. 426 at pp. 45 – 46 (emphasis supplied). Here, MOSO provided no evidence as to this element of the defamation claim. As a result, the defamation claim must fail for this reason as well.

MOSO's damages award was also entirely speculative. The jury instructions specifically provided:

> Any award of damages that you make must be based on the evidence and not on speculation.

D.I. 436 at p. 64. Here, there was no evidentiary basis for the jury to award MOSO $100,000 as damages. That figure has no basis in any evidence proffered by MOSO at trial.

Moreover, both MOSO entities are for-profit corporations. As such, the MOSO entities do not have the same reputational interests as individuals under the defamation laws. Although Delaware has not, as yet, addressed this issue, other courts require a corporate defamation plaintiff to establish "loss of reputation" via a showing of lost profits and/or actual pecuniary loss. *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1083 (W.D. Ky 1995)("historically, damages to corporate reputation may be proven only by loss of profits caused by the defamation. The pecuniary loss must be a direct and proximate result of the defamation."); *Computer Aid, Inc. v.*

*Hewlett-Packard Co.*, 56 F. Supp. 2d 526, 539 (E.D. Pa. 1999) ("However, the law of Pennsylvania, New York and California each requires proof of special damages in the form of actual economic harm to a plaintiff's business caused by the alleged "injurious falsehoods.").

The rationale underlying these decisions is based on the corporate status of the defamation plaintiff. As the Court in *Synygy Inc. v. Scott-Levin, 51 F. Supp. 2d 570, 581 (E.D. Pa. 1999)* stated:

> I have serious reservations about whether the doctrine of defamation per se is appropriately applied to corporate entities .... A corporation ... cannot be embarrassed or humiliated. A corporation's analogue to humiliation would be damage to reputation - an injury that should translate into a pecuniary loss. If a corporation cannot point to loss of revenues or profits, for what are we compensating it? Should the law allow corporations to avoid showing special harm by taking advantage of an exception so clearly created to protect individuals? The rule of defamation per se as it applies to corporations has outrun its reason.
>
> *Id*.

MOSO proffered no evidence of lost profits and/or actual pecuniary loss. As a result, its defamation claims must fail as a matter of law.

### B. B. Easoon Is Entitled To A New Trial On MOSO's DDTPA And Defamation Claims.

"A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Common reasons for granting a new trial are: (1) the jury's verdict is against the clear weight of the evidence and a new trial is necessary to prevent a miscarriage of justice; (2) there exists newly discovered evidence that would likely alter the outcome of the trial; (3) improper conduct by an attorney or the Court unfairly influenced the verdict; or (4) the jury's verdict was facially

inconsistent. *See Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 775 (D. Del. 2015).

The decision of whether to grant a new trial is a question committed to the Court's discretion. *See Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980). Unlike the standard for JMOL, the Court need not view the evidence in the light most favorable to the verdict winner when ruling on a motion for a new trial. *See Ateliers*, 85 F. Supp. 3d at 775. New trials on the basis that the verdict is against the weight of the evidence are proper when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks the conscience. *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).

Here, a new trial is warranted to the extent that the Court does not grant Easoon's JMOL motion for both the DDTPA and the defamation claim. As set forth above, there was simply no legal basis for the jury to find a violation of the DDTPA based on the allegations in MOSO's operative pleading (D.I. 263) that Easoon violated by the DDTPA by: (1) informing MOSO's customers that Easoon may sue them for patent infringement (*id.* at pars. 45 and 46); (2) informing MOSO's customers that MOSO does not carry product liability insurance and inventory to fulfill purchase orders (*id.* at par. 47); (3) asserting that dassoXTR and Bamboo X-treme are identical (*id.* at par. 48); and (4) informing MOSO's customers that there was no patent exhaustion (*id.* at par. 48). Any of these grounds is legally and/or factually unsupported. As a result, the jury's verdict "cries out to be overturned" and "shocks the conscience" to the extent that JMOL is not granted.

Similarly, Easoon is entitled to a new trial on the defamation claim and, in particular, as to the amount of damages. As set forth above, the assertion that MOSO's products are "counterfeit"

14

(*i.e.*, infringing) is "true" or "substantially true" because Easoon always referred to MOSO's product as "unauthorized" (*i.e.,* unlicensed). *See* 35 U.S.C. § 271(a) (characterizing infringing products as those sold without authorization of the patentee). Moreover, the defamation claim is preempted under *Dominant Semiconductor*. Because the jury found MOSO infringed the '578 patent and that the '578 patent was not proven invalid, Easoon's assertions of patent infringement cannot have been made in "bad faith." As a result, MOSO's defamation claim must fail.

A new trial is also warranted in light of the jury's damages award. MOSO failed to proffer any evidence whatsoever directed to "loss of reputation" and there is no support for the jury's award of $100,000 in damages to MOSO (*i.e.,* it is the result of impermissible speculation).

As previously discussed, both MOSO parties are for-profit corporations. As such, the MOSO entities do not have the same reputational interests as individuals under the defamation laws. Although Delaware has not, as yet, addressed this issue, other courts require a corporate defamation plaintiff to establish "loss of reputation" via a showing of lost profits and/or actual pecuniary loss. MOSO proffered no such evidence and, as a result, its defamation claims must fail as a matter of law.

    C. Easoon Is Entitled To A Remittitur On The Jury's Damages Award To MOSO.

"[T]he remittitur is well established as a device employed when the trial judge finds that a decision of the jury is clearly unsupported and/or excessive." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 715-16 (3d Cir. 2010)(*quoting Spence v. Bd. of Educ. of Christina Sch. Dist*., 806 F.2d 1198, 1201 (3d Cir. 1986)). "A remittitur is in order when a trial judge concludes that a jury verdict is clearly unsupported by the evidence and exceeds the amount needed to make the plaintiff whole … ." *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1100 (3d Cir. 1995) (internal quotation marks omitted).

Rather than grant a new trial on the defamation claim (the DDTPA awards no damages), the Court should grant Easoon's request for a remittitur and lower the damage amount to $1.00 per the jury instructions. D.I. 436 at page 65. Put differently, to the extent MOSO is entitled to any damages (and it is not), those damages are nominal.

## V.     CONCLUSION

For the reasons set forth, Easoon respectfully requests that the Court grant it JMOL or a new trial on MOSO's DDTPA and Defamation claims. In the alternative, Easoon respectfully requests that the Court grant it a remittitur on MOSO's damages award and reduce the award to $1.00 as nominal damages.

Respectfully submitted,

Dated: July 11, 2023                **O'KELLY & O'ROURKE, LLC**

OF COUNSEL:

Scott R. Hoopes
Mills & Hoopes, LLC
1550 N. Brown Road, Suite 130
Lawrenceville, GA 30043
(770) 513-8111

/s/ Gerard M. O'Rourke
Sean T. O'Kelly (No. 4349)
Gerard M. O'Rourke (No. 3265)
824 N. Market Street, Suite 1001A
Wilmington, DE  19801
(302) 778-4001
sokelly@okorlaw.com
gorourke@okorlaw.com

*Attorneys for Plaintiffs*