## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DASSO INTERNATIONAL, INC. and<br>EASOON USA, LLC, | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | C.A. No. 1:17-cv-01574-MFK |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MOSO NORTH AMERICA, INC. and<br>MOSO INTERNATIONAL BV, | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |
| EASOON USA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A.  No. 1:19-cv-00564-MFK |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BRETT KELLY, MARK CLIFTON,<br>and DAVID OSTERMAN, a/k/a<br>STEVE OSTERMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW

### AND NEW TRIAL OR, IN THE ALTERNATIVE, A REMITTITUR

Dated: August 8, 2023

OF COUNSEL:

Scott R. Hoopes
Mills & Hoopes, LLC
1550 N. Brown Road, Suite 130
Lawrenceville, GA 30043
(770) 513-8111

**O'KELLY & O'ROURKE, LLC**

Gerard M. O'Rourke (No. 3265)
Sean T. O'Kelly (No. 4349)
824 N. Market Street, Suite 1001A
Wilmington, DE  19801
(302) 778-4001
gorourke@okorlaw.com
sokelly@okorlaw.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

I.    SUPPLEMENTAL FACTUAL BACKGROUND ................................................................. 1

II.    MOSO DID NOT PLEAD A DDTPA CLAIM INVOLVING THE COUNTERFEITING

ALLEGATION ................................................................................................................. 2

III.    MOSO'S DEFAMATION CLAIM IS PREEMPTED ....................................................... 4

IV.    MOSO HAS NOT PROVEN ANY DAMAGES ON ITS DEFAMATION CLAIM ......... 4

V.    PLAINTIFFS SHOULD BE GRANTED A NEW TRIAL OR REMITTITUR ON THE

DEFAMATION CLAIM ................................................................................................... 6

VI.    CONCLUSION ................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068 (W.D. Ky. 1995); .......................................... 5

*Computer Aid, Inc. v. Hewlett-Packard Co.*, 56 F. Supp.2d 526 (E.D. Pa. 1999)......................... 5

*Dominant Semiconducts Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008)............... 4

*Douglas v. Owens*, 50 F.3d 1226 (3rd Cir. 1995) ........................................................................ 3

*Hunter—Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318 (Fed. Cir. 1998)...................... 4

*Preston Hollow Capital LLC v. Nuveen LLC*, 2022 Del. Super. LEXIS 264 (Del. Super. Ct. June 14, 2022) ..................................................................................................................................... 5

*Rocci v. Macdonald-Cartier*, 323 N.J. Super. 18 (N.J. Super. Ct. July 6, 1999)........................... 6

*Ward v. Zelikovsky, 136 N.J. 516, 540, 643 A.2d 972 (1994)* ...................................................... 6

**Statutes**

35 U.S.C. § 271(a) ....................................................................................................................... 4

*citing* 6A Charles A. Wright et al., Federal Practice and Procedure § 1494 (1990)...................... 3

**Rules**

Fed. R. Civ. P. Rule 15(b)(2) ....................................................................................................... 2

Fed. R. Civ. P. Rule 54(d).............................................................................................................. 3

Defendant MOSO North America, Inc.'s, and MOSO International BV's (collectively "MOSO") opposition to Plaintiffs' Motion for Judgment as a Matter of Law and a New Trial, or, in the Alternative, For A Remittitur, is meritless. MOSO does not dispute that it did not plead the "counterfeiting" allegations as part of its Delaware Deceptive Trade Practices ("DDTPA") claim. MOSO also does not dispute that it failed to provided any evidence of loss of reputation as to the corporate plaintiffs on the defamation claim. Given the lack of evidence supporting MOSO's DDTPA and defamation claims, Plaintiffs' motion should be granted.

## I.      SUPPLEMENTAL FACTUAL BACKGROUND

MOSO does not dispute that its operative pleading (D.I. 263) did not contain the "counterfeiting" allegations as a basis for the DDTPA claim. Plaintiffs certainly did not understand that the defamation allegations were included in the DDTPA claim based on MOSO's pleading. Instead, as evidenced by Plaintiffs' opening statement (Trial Tr. at 116), Plaintiffs understood that the "counterfeit" allegations related solely to the defamation claim.

There was no evidence of loss of reputation produced by MOSO at trial. For example, Mr. Kelly claimed that "some people" would not "do business" with MOSO because of the accusations. Trial Tr. at 681. There is no specificity to these statements whatsoever, and certainly no quantification of any financial loss. Similarly, Mr. Kelly claimed that he had to visit customers to explain the allegations of "counterfeiting." Trial Tr. 683:12 – 684:7. Again, MOSO provided no evidence to support the cost of these alleged visits (or to show that they actually even took place). Similarly, MOSO has not pointed to any sales that were lost with regard to the "counterfeit" statements.

It is readily apparent from a review of the above that Mr. Kelly's oral testimony at Trial Tr. 681 and 683:12 – 684:7 is the only evidence MOSO proffered as to its damages on the defamation claim. Put differently, MOSO did not: (1) produce any survey evidence as to its reputation before and after the counterfeit statement; (2) provide testimony from any third party as to diminishment of its reputation; (3) provide any expert testimony; and (4) produce any quantification of lost business caused by the allegedly defamatory statement. Instead, MOSO's only evidence as to diminished reputation was Mr. Kelly's vague oral testimony. That is insufficient to meet MOSO's burden as a matter of law. JMOL should be granted, or the award should be reduced to nominal damages of $1.

## II.     MOSO DID NOT PLEAD A DDTPA CLAIM INVOLVING THE COUNTERFEITING ALLEGATION

MOSO concedes that its operative pleading (D.I. 263) does not contain a Delaware Deceptive Trade Practices claim based on the counterfeiting allegations. Instead, MOSO asserts that Plaintiffs consented to trial of this issue either by express or implied consent under Fed. R. Civ. P. Rule 15(b)(2). MOSO is wrong.

Initially, MOSO points to nothing in the record to show "express" consent to try a DDTPA claim that included the "counterfeiting" claims. MOSO only points to a statement made *by MOSO* in MOSO's section of the pretrial order that MOSO tied the DDTPA claim to the counterfeiting allegations. D.I. 395 at 6. This is not a statement of consent by Plaintiffs, and Plaintiffs were under no obligation to "object" to MOSO's section (it is MOSO's section after all). As a result, there is no "express consent" whatsoever.

There is also no "implied consent" under controlling Third Circuit law. Plaintiff never stated that it understood the DDTPA claim included the counterfeiting allegations. Trial Tr. at 116.

Instead, Plaintiffs only acknowledged the relevance of the press release to the counterfeiting allegations (and it was relevant to that claim).

The Third Circuit's precedent is clear that an issue has not been tried by implied consent if evidence relevant to the new claim is also relevant to the claim originally pled, because the defendant does not have any notice that the implied claim was being tried. *Douglas v. Owens*, 50 F.3d 1226, 1236 (3rd Cir. 1995).  That is the case here.

Plaintiffs did not have any notice that the DDTPA claim purportedly included the counterfeiting allegations.  Plaintiffs did not object to introduction of the press release at trial because it was unquestionably relevant to the defamation claim.  As a result, failure to object to the introduction of the press release into evidence cannot constitute implied consent under *Douglas*. *Id.*

The lack of express or implied consent to the amendment is fatal to any attempt to amend the counterclaim now.  As the *Douglas* Court noted, "[i]f the issue . . . has not been tried with the consent of the parties, then an amendment to conform to the pleadings will not be permitted no matter when made. *Id. citing* 6A Charles A. Wright et al., Federal Practice and Procedure § 1494, at 53 (1990) (emphasis added).

Furthermore, any proposed amendment is highly prejudicial to Plaintiffs.  MOSO's pretrial section raised the spectre of seeking an injunction, treble damages and attorney's fees under the DDTPA.  D.I. 395 at pages 6 – 7.  Although MOSO has missed the deadline for filing these motions, it may nevertheless attempt to file them late.  *See, e.g.,* Fed. R. Civ. P. Rule 54(d); Trial Tr. at 1163.  Any opportunity for MOSO to do so based on a pleading amended post-trial is highly

prejudicial to Plaintiffs.  Plaintiffs did not know the DDTPA claim included the defamation count, nor did Plaintiff consent to trial of that claim under the DDTPA.

In light of the foregoing, Plaintiffs' motion for JMOL on the DDTPA claim should be granted.

### III.     MOSO'S DEFAMATION CLAIM IS PREEMPTED

MOSO acknowledges that its defamation claim is preempted if the statements at issue were referring to patent infringement.  *See, e.g., Dominant Semiconducts Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008); *Hunter—Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318 (Fed. Cir. 1998); *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999). That is exactly what the evidence showed.  In fact, no reasonable jury could find that the statements at issue were not directed to patent infringement.  As a result, JMOL must be granted.

MOSO does not dispute that certain exhibits explicitly referenced this litigation and the patent infringement claim in connection with the assertion that the accused products were "unauthorized" counterfeits.  *See, e.g.*, PTX 280.  Other statements that did not specifically mention the suit still characterized the accused products as "unauthorized" counterfeits.  DTX 47; DTX 262.  *See* 35 U.S.C. § 271(a)("unauthorized" activities are infringing).  No evidence characterized the products as "counterfeit" without further qualification.  Given Mr. Chua's testimony that Easoon was not implying that the product was anybody's product other than MOSO's product (Trial Tr. at 311) (which is the actual definition of a "counterfeit"), the jury's finding cannot be sustained in light of the preemption precedent.

### IV.     MOSO HAS NOT PROVEN ANY DAMAGES ON ITS DEFAMATION
###             CLAIM

MOSO has not proven any damages from the allegedly defamatory statements.   In particular, MOSO has not proven any "loss of reputation."

Under Delaware law, a defamation plaintiff must prove either "special damages" (actual out of pocket losses) or "actual damages."   In the absence of proof of either type of loss, a defamation plaintiff may only be awarded nominal damages.   *See Preston Hollow Capital LLC v. Nuveen LLC*, 2022 Del. Super. LEXIS 264 at * 9 (Del. Super. Ct. June 14, 2022).

MOSO's relies heavily on the *Nuveen* case in its opposition, but that reliance is particularly misplaced.   The *Nuveen* court stated:

> in order for a plaintiff to proceed on defamation *per se* without proof of special damages, *plaintiff still must provide evidence of diminution in reputation*.
>
> The Court finds that defamation *per se* applies in this case. Plaintiff need not prove special damages. *However, Plaintiff must prove injury to reputation in lieu of special damages. In the absence of proof of general damages, nominal damages may be awarded.*

*Id.* at *9 (emphasis supplied).   MOSO has provided no proof of "diminution of reputation" whatsoever.

Mr. Kelly's oral testimony at Trial Tr. 681 and 683:12 – 684:7 is the only evidence MOSO proffered as to its damages on the defamation claim.   Put differently, MOSO did not: (1) produce any survey evidence as to its reputation before and after the counterfeit statement; (2) provide testimony from any third party as to diminishment of its reputation; (3) produce any expert testimony as to diminishment of its reputation; and (4) produce any quantification of lost business caused by the allegedly defamatory statement.

As discussed in Plaintiffs' opening brief, multiple courts have held that corporate defendants may only prove "diminution of reputation" by proof of actual pecuniary loss.   *See, e.g.,*

*CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1083 (W.D. Ky. 1995); *Computer Aid, Inc. v. Hewlett-Packard Co.*, 56 F. Supp.2d 526, 539 (E.D. Pa. 1999).  Even were the Court to hold that a corporate defamation defendant could prove loss of reputation by other means (survey evidence, third-party testimony, expert testimony), MOSO has not provided any such proof.  Instead, MOSO proffered only the vague oral testimony of Mr. Kelly.  A number of courts have held that the testimony of the defamed person (in this case, its CEO) is insufficient to establish loss of reputation.  *See, e.g., Ward v. Zelikovsky, 136 N.J. 516, 540, 643 A.2d 972 (1994); Rocci v. Macdonald-Cartier*, 323 N.J. Super. 18 at \*24 (N.J. Super. Ct. July 6, 1999)( "Awards based on a plaintiff's testimony alone or on "inferred" damages are unacceptable.").  That type of prohibited testimony was the entirety of "evidence" that MOSO provided on this issue here.

Under MOSO's rationale of the case, the jury could have awarded MOSO *anything* and MOSO would argue that jury award is sustainable in light of Trial Tr. 681 and 683:12 – 684:7.  That is true even if the award exceeded the amount the jury awarded Plaintiffs!  In light of this, Plaintiffs' motion for JMOL should be granted.

## V.    PLAINTIFFS SHOULD BE GRANTED A NEW TRIAL OR REMITTITUR ON THE DEFAMATION CLAIM

As set forth above, Plaintiffs contend that JMOL should be granted outright on the defamation claim including the damage award.  In the event that the Court believes that the jury's liability finding is sustainable (and it should not), the damages award is not sustainable in light of the lack of evidence provided as to diminished reputation.  As a result, the Court should grant Plaintiffs' motion for a remittitur and reduce the jury's damage award to $1 of nominal damages.

## VI.    CONCLUSION

For the reasons set forth, Plaintiffs' motion for judgment as a matter of law and a new trial or, in the alternative, for a remittitur should be granted.


Respectfully submitted,

Dated: August 8, 2023                    **O'KELLY & O'ROURKE, LLC**

OF COUNSEL:                              _/s/ Gerard M. O'Rourke_
                                         Sean T. O'Kelly (No. 4349)
Scott R. Hoopes                          Gerard M. O'Rourke (No. 3265)
Mills & Hoopes, LLC                      824 N. Market Street, Suite 1001A
1550 N. Brown Road, Suite 130            Wilmington, DE  19801
Lawrenceville, GA 30043                  (302) 778-4001
(770) 513-8111                           sokelly@okorlaw.com
                                         gorourke@okorlaw.com

                                         _Attorneys for Plaintiffs_