# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC. and EASOON USA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MOSO NORTH AMERICA, INC. and MOSO INTERNATIONAL BV, <br><br> Defendants. | ) ) ) ) C.A. No. 17-1574-MFK ) (cons.) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |

## REPLY IN SUPPORT OF DEFENDANTS MOSO NORTH AMERICA, INC. AND MOSO INTERNATIONAL B.V.'s RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

OF COUNSEL:

Thomas G. Pasternak
Timothy K. Sendek
John M. Schafer
Ruben Castillo
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
Tel: (312) 634-5700

Evelina Gentry
AKERMAN LLP
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Tel: (213) 688-9500

Dated: August 8, 2023
10957418 / 18779.00001 (cons.)

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants MOSO North America, Inc. and MOSO International BV*

# **TABLE OF CONTENTS**

I.    EASOON LACKS STANDING AS A PLAINTIFF ............................................................... 1

II.   THE CLAIMS ARE INDEFINITE ....................................................................................... 3

III.  EASOON CANNOT CLAIM LOST PROFITS DAMAGES ............................................... 4

IV.   JMOL AS TO STATE LAW CLAIMS ................................................................................. 6

V.    STATE LAW DAMAGES – CLAIMS 2, 3, AND 6 .............................................................. 8

VI.   POLLING THE JURY ............................................................................................................ 8

VII.  LATE CONSTRUCTION OF 'SCRIMBER' ...................................................................... 10

VIII. CLEAR WEIGHT OF EVIDENCE – NEW TRIAL ........................................................... 10

IX.   CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Bombardier Recreational Prods. Inc. v. Arctic Cat Inc.*,
   785 F. App'x 858 (Fed. Cir. 2019) ................................................................................. 3, 4

*Brulotte v. Thys Co.*,
   379 U.S. 29 (1964) ................................................................................................................. 3

*Datascope Corp. v. SMEC, Inc.*,
   879 F.2d 820 (Fed. Cir. 1989) ............................................................................................ 5-6

*Diamond Power Int'l, Inc. v. Davidson*,
   540 F. Supp. 2d 1322 (N.D. Ga. 2007) .................................................................................. 6

*Gov't of the Virgin Islands v. Hercules*,
   875 F.2d 414 (3d. Cir. 1989) ................................................................................................. 9

*Grand Ventures, Inc. v. Whaley*,
   622 A.2d 655 (Del. Super. Ct. 1992) .................................................................................... 7

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
   153 F.3d 1318 (Fed. Cir. 1998) ............................................................................................. 8

*Infinity Computer Prods., Inc. v. Oki Data Ams., Inc.*,
   987 F.3d 1053 (Fed. Cir. 2021) ............................................................................................. 4

*Ira Green, Inc. v. Military Sales & Serv. Co.*,
   775 F.3d 12 (3d Cir. 2014) .................................................................................................... 9

*Kimble v. Marvel Ent., LLC*,
   576 U.S. 446 (2015) ............................................................................................................... 2

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
   851 F.3d 1275 (Fed. Cir. 2017) ............................................................................................. 5

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.*,
   240 F.3d 1016 (Fed. Cir. 2001) ............................................................................................. 2

*Midwest Indus., Inc. v. Karavan Trailers, Inc.*,
   175 F.3d 1356 (Fed. Cir. 1999) ............................................................................................. 8

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   572 U.S. 898 (2014) ........................................................................................................... 3-4

*Pandrol USA, LP v. Airboss Ry. Prods.*,
   320 F.3d 1354 (Fed. Cir. 2003) ............................................................................................. 2

*Poly-Am., L.P. v. GSE Lining Tech, Inc.*,
   383 F.3d 1303 (Fed. Cir. 2004) ............................................................................................... 3

*Savor, Inc. v. FMR Corp.*,
   C.A. No. 00C-10-249-JRS, 2001 WL 541484 (Del. Super. Ct. Apr. 24, 2001) ......................... 6

*Sec. and Exch. Comm'n v. Sargent* (*Sargent I*),
   605 F. Supp. 3d 316 (D. Mass. 2022) ...................................................................................... 9

*Sec. and Exch. Comm'n v. Sargent* (*Sargent II*),
   66 F.4th 11 (1st Cir. 2023) ................................................................................................ 9, 10

*Simmons v. Napier*,
   775 F.3d 12 (3d Cir. 2014) ...................................................................................................... 9

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*,
   620 F.3d 1305 (Fed. Cir. 2010) ........................................................................................... 2, 3

**Statutes**

35 U.S.C. § 112 ............................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 48(c) .................................................................................................................. 8, 9

Fed. R. Crim. P. 31(d) .................................................................................................................... 9

Plaintiffs' opposition to MOSO's Motion for JMOL (D.I. 464, "Response") fails to identify substantial evidence that would support the verdict in their favor on any claim. With respect to patent infringement, Plaintiffs had the burden to prove standing. The burden never shifted to MOSO, cannot be waived, and can be raised at any time. Plaintiffs' response gets the law wrong on this threshold issue, and judgment should be entered in favor of MOSO on the patent claims. Plaintiffs also fail to rebut the indefiniteness of all asserted claims—they provide no reasonably certain understanding with which a POSITA could understand what is infringing and what is not. Instead, Plaintiffs remain dedicated to diverting attention to a red-herring argument—"controlled cracking"—that is neither an element of the claims, nor the construction, nor described in the '578 Patent at all. Plaintiffs' response also fails to identify substantial evidence upon which a reasonable jury could have found in Plaintiffs' favor as to lost profits due to Plaintiffs' failure to prove the absence of non-infringing substitutes. Plaintiffs also fail (and barely try) to identify substantial evidence for their state law claims or a causal nexus between the state law claims against MOSO and the damages awarded on these claims.

Plaintiffs also fail to rebut that MOSO is entitled to a new trial due to refusal of their request to poll the jury. Instead, Plaintiffs rely on another legally illogical claim—that an error *per se* can be characterized as "harmless." Finally, Plaintiffs advance a two-faced argument that there is nothing wrong with their having raised claim construction issues for the first time in the middle of trial, while claiming that MOSO having raised prosecution history estoppel (or claim construction issues on summary judgment) was untimely and constituted litigation misconduct.

## I.     EASOON LACKS STANDING AS A PLAINTIFF

The matter before the Court is one of standing: Does Easoon have an exclusive license entitling it to join in the suit as a co-plaintiff and allow Plaintiffs to claim lost profits? It does not, and therefore lacks standing to participate in this matter as a Plaintiff.

Easoon ineffectively attempts to raise a strawman argument that MOSO waived "the affirmative defenses of patent misuse and unenforceability." Response at 11. Plainly, MOSO's argument is one of standing, not unenforceability or misuse. D.I. 455 Brief at 6 ("The matter before the Court is one of standing.").

An issue of standing **cannot be waived**. *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016 (Fed. Cir. 2001) ("Thus, the rule that an exclusive licensee who does not have all substantial rights in a patent must join the patent owner is derived from the statute that defines what parties have standing to sue for patent infringement. Under these circumstances, the issue of whether an exclusive licensee has sufficient rights in a patent to bring suit in its own name is jurisdictional and, therefore, is not waived by a party's failure to raise the issue in the district court."); *Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003) ("It is well-established that any party, and even the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation, including on appeal."); *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1318–19 (Fed. Cir. 2010) ("Because we conclude that neither [licensee] has standing to sue on the [asserted patent], [the patent owner] is not entitled to recover for any lost profits suffered by [the licensees]").

The only merits-based response offered by Easoon is that "[t]o the extent that Easoon's exclusive license also requires payment of post-expiration royalties for post-expiration sales, that simply does not render the entire licensee unenforceable." Response at 13. This statement is legally wrong. Such a provision *does* render the license unenforceable—one need only read the *Marvel* case to see that this is correct. "A court need only ask whether a licensing agreement provides royalties for post-expiration use of a patent. If not, no problem; if so, no dice." *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 459 (2015).

Here, Easoon admits that the licensing agreement provides for royalties for post-expiration use of a patent. As the Supreme Court says, "no dice." Easoon argues to the contrary, claiming that *Brulotte v. Thys Co.* is not in fact "simplicity itself" to apply and that "the license … is presently enforceable." Response at 13 (citing 379 U.S. 29 (1964)). This is plainly not so. *Presently*, there is an undisputed license agreement which requires payment of post-expiration royalties. *Presently*, there is no claim by either Dasso or Easoon that the parties do not consider this provision in effect and binding. Thus, *presently*, the only license agreements which could possibly justify Easoon's involvement in this litigation are *per se* unlawful under *Marvel* and *Brulotte*. Easoon lacks standing as a plaintiff in this matter, and no recovery of lost profits is possible. *Spine Solutions, Inc.* at 1318; *Poly-Am., L.P. v. GSE Lining Tech, Inc.*, 383 F.3d 1303, 1311-12 (Fed. Cir. 2004).

## II. THE CLAIMS ARE INDEFINITE

Plaintiffs raise another strawman argument by claiming that "MOSO does not contend that the claim language itself is indefinite." Response at 13. Not so—the claim itself is indefinite, and the construction adopted highlights why this is so. Plaintiffs then rely on the unreported decision of *Bombardier Recreational Products Inc. v. Arctic Cat Inc.* Response at 13 (citing 785 F. App'x 858, 866 (Fed. Cir. 2019)). In *Bombardier*, which Plaintiffs' claim represents an "identical argument" to the case at bar, the jury found the asserted claims, as construed by the court, were indefinite.[1] 785 F. App'x at 865-66. *Bombardier* does not, as Plaintiffs imply, create a separate body of law under which indefiniteness of a claim construction is a question of fact, whereas the indefiniteness of an unconstrued claim term is a question of law. Indeed, neither § 112 of the Patent Act nor *Nautilus, Inc. v. Biosig Instruments, Inc.*,

---

[1] The patent owner did not appeal the court's claim construction. *Bombardier*, 785 F. App'x at 865-66.

3

recognizes such a distinction. 572 U.S. 898, 901 (2014). Plaintiffs' arguments that *Bombardier* either creates such a distinction or should be credited over later, reported decisions are unavailing. *See, e.g.*, *Infinity Computer Prods., Inc. v. Oki Data Ams., Inc.*, 987 F.3d 1053, 1059 (Fed. Cir. 2021) ("Indefiniteness is ultimately a question of law.")

Plaintiffs' attempts to find "substantial evidence" in favor of patentability are likewise fruitless. Plaintiffs again primarily focus on "controlled cracking," a term or concept admittedly found nowhere in the patent. Response at 14. Instead, Plaintiffs claim that this gap can be considered "known to those skilled in the art." *Id*. There are two problems with this argument: First, it is irrelevant. Even if a POSITA knew that incisions and slots could both cause "controlled cracking," there is still no way for a POSITA to know with reasonable certainty what is a "slot" and what is an "incision." If anything, Plaintiffs focus on "controlled cracking" serves to highlight the indefiniteness of the claim language: if both "slots" and "incisions" exhibit the same behavior on crushing, then there is no meaningful way to know if one is avoiding infringement, and thus the claims are indefinite.

Second, Plaintiffs fail to cite any record evidence upon which a jury could have concluded that a POSITA *at the time of the alleged invention* would have had any basis to know of the alleged controlled cracking, even if that point were relevant to the underlying question of indefiniteness. Attorney argument is not "substantial evidence." *Acoustic Tech., Inc. v. Itron Networked Solutions, Inc.*, 949 F.3d 1366, 1375 (Fed. Cir. 2020).

## III. EASOON CANNOT CLAIM LOST PROFITS DAMAGES

Plaintiffs argue, without particularity, that all alternatives enumerated in MOSO's brief are either unacceptable or infringing. Response at 16. For its acceptability argument, Plaintiffs address only one "specific segment of the customers' businesses" and claim that "other decking materials are manifestly not 'acceptable.'" Response at 16 (citing, without analysis, 59 pages of

4

trial transcript). But the attorney argument is not supported by the record—in fact, Plaintiffs' own witness testified that such alternatives like Ipe and Trex *had* in fact been accepted by customers. Tr. 278:12 (Chua); Brief Ex. A (D.I. 455-1) at 26:17-27:5 ("Q. What is Easoon's damages theory due to patent infringement? A. Lost sales. Q. Lost sales to whom? A. Lost sales to MOSO and lost sales to -- because of the negative publicity. Not necessary MOSO gain the sales, but because of negative publicly, we lose sales. And that sales, that would have been dassoXTR could have gone to [Ipe], could have gone to [Trex] could have gone to any other competitive -- competing product with us. So those are all lost sales.").

Plaintiffs also claim that "these suppliers' products . . . infringed the '578 patent." Response at 16 (citing, without analysis, Tr. 241-244 (Chua)). Plaintiffs' damages expert said otherwise: Mr. Newman admitted that Mr. Chua and Dr. Shmulsky told him that any alternatives in the marketplace were not infringing the '578 patent. Tr. 458:18-459:1 (Newman).

This is not a matter of crediting the testimony of Mr. Chua, Mr. Kline, and Mr. Newman over Brett Kelly and Brian Napper. To the contrary, Mr. Chua, Mr. Kline, and Mr. Newman all testified consistently with MOSO's argument—that non-infringing alternatives competed with the accused products and with Easoon's own products. *See* Tr. 278:12 (Chua); Brief Ex. A (D.I. 455-1) at 26:17-27:5 (Chua); Tr. 316:8-11 (Kline) ("It's kind of a complementary replacement for Ipe. Moving into the new era, if you will, it becomes a little more challenging from an environmental standpoint. So it's been a really nice complement to our portfolio."); Tr. 458:18-459:1. 483:23-484:4 (Newman). Plaintiffs cite no substantial evidence upon which a jury could have found the absence of infringing substitutes on a customer-by-customer basis. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1289 (Fed. Cir. 2017); *Datascope Corp. v.*

5

*SMEC, Inc.*, 879 F.2d 820, 825 (Fed. Cir. 1989).  Accordingly, the Court should grant JMOL in MOSO's favor on the issue of lost profits damages.

## IV. JMOL AS TO STATE LAW CLAIMS

As far as substantial evidence of the tortious interference claim, Easoon was required to prove that it had a prospective business relationship with MOSO's customers.  Instead, Easoon refers to evidence they claim shows "that MOSO misappropriated trade secret and financial sales information . . . [and] used that information to target and take Easoon's customers."  Response at 17.  But there is no claim against MOSO for trade secret misappropriation.  In fact, the Court previously denied Easoon's attempt to bring such a claim against MOSO.  D.I. 256 at 5-6.  Instead, Easoon previously claimed its tortious interference claim consisted of targeting customers at trade shows and losing business of three customers.  D.I. 25 at ¶¶124-125.  In opposing MOSO's motion for summary judgment, Easoon said the tortious interference claim stemmed from such conduct.  D.I. 269 at 33.  Now, Easoon is pivoting after trial, conflating its tortious interference claim with an allegation of trade secret misappropriation in order to survive MOSO's motion.  But by taking this position, Easoon renders its tortious interference claim void as preempted.  *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1346 (N.D. Ga. 2007) (noting that the Georgia Trade Secrets Act preempts common law claims arising out of the same facts as a misappropriation of trade secrets claim); *Savor, Inc. v. FMR Corp.,* C.A. No. 00C-10-249-JRS, 2001 WL 541484, at *4 (Del. Super. Ct. Apr. 24, 2001), *aff'd*, 812 A.2d 894 (Del. 2002)) (noting that the Delaware's trade secrets statute preempts common law claims arising out of the same facts as a misappropriation of trade secrets claim).

Preemption aside, the only evidence Easoon identifies is testimony from Mr. Kline, which they appear to use as support for both the tortious interference claim and DDTPA claim.  Response at 17 (citing Tr. 317 – 318).  But Mr. Kline stated only that he understood from a

6

conversation with Mr. Kelly and Mr. Osterman that Dasso XTR was in financial struggles. Tr. 317:21-318:5 (Kline). Easoon offers no evidence that this was untrue, or that Mr. Kline reallocated business on the basis of that statement. To the contrary, Chua admitted that there was turmoil in China in 2017. Tr. 271:2-20 (Chua). Additionally, Chua stated in a declaration to a Georgia state court signed on June 1, 2017, that a feud between Easoon and TW could lead to Easoon going out of business absent the court's intervention. Tr. 266:2-13 (Chua); DTX-377 at ¶36. In any event, Mr. Kline testified that this conversation with Mr. Kelly and Mr. Osterman occurred in April or May 2017. Tr. 318:14-24 (Kline). MOSO NA was not formed until early June 2017. Trial Tr. 582:2-6 (Zaal). Easoon makes no attempt to explain how either MOSO entity could tortiously interfere with Easoon's prospective economic advantage when MOSO NA did not exist and neither Mr. Kelly nor Mr. Osterman was employed by MOSO BV. The verdict regarding Easoon claim 2 is thus not supported by substantial evidence.

Easoon's claim under the DDTPA similarly fails. Easoon was required to prove that "[MOSO] disparaged the goods, services, or business of [Easoon]." D.I. 436 at 37. Such disparagement must be part of a "patterns of deceptive conduct, not isolated incidents of consumer fraud" *Grand Ventures, Inc. v. Whaley*, 622 A.2d 655, 662 (Del. Super. Ct. 1992). Here again, the only evidence is a single statement made to a single customer before MOSO NA became an entity. Response at 17 (citing Tr. 317-318 (Kline). Such evidence is insufficient for the same reasons as discussed with respect to Easoon's claim for tortious interference. Easoon failed to identify substantial evidence to support the jury's finding of liability.

Finally, as to the aiding and abetting breach of fiduciary duty claim, Easoon cites no evidence whatsoever, let alone substantial evidence, for their attorney argument that "MOSO's

7

conduct aided and abetted" that breach.  Response at 17.  Consequently, the Court should grant JMOL in MOSO's favor on Easoon claims 2, 3, and 6.

## V.     STATE LAW DAMAGES – CLAIMS 2, 3, AND 6[2]

Plaintiffs' defense to the Motion on this point is a single sentence: "The evidence was clear that MOSO's tortious behavior was part and parcel of its patent infringement."  Response at 18.  As best as this statement can be understood, it leads to the conclusion that the state law claims, being "part and parcel" of a patent law claim, are preempted and JMOL must be entered in MOSO's favor.  *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law"), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999).  Otherwise, Easoon failed to present a causal nexus between any non-patent claim and the damages it claims to have suffered, and MOSO is entitled to JMOL in its favor as to state law damages.

## VI.    POLLING THE JURY

To the extent the Court does not grant JMOL in Defendants favor on any claim, the Response does not warrant denial of a new trial on any such claims.  Regrettably, the Court committed *per se* error in not individually polling the jury.  Easoon's argument that MOSO failed to "insist" or "cite Fed. R. Civ. P. 48(c)" invites the legal error.  The Court dismissed the jury immediately after first denying the request to poll the jury and then collectively asking the jurors to raise their hands if they disagreed with the verdict.  Tr. 1161:16-1162:2.

---

[2] MOSO did not, contrary to Plaintiffs' claims, seek JMOL as to claim 4 or damages for the same, which was neither directed at MOSO nor brought in the 1574 case.

8

Easoon's claim that waiver occurs unless one cites Rule 48(c) is plainly without authority. *See Sec. and Exch. Comm'n v. Sargent (Sargeant II)*, 66 F.4th 11, 14 (1st Cir. 2023) (finding the request "Can we poll the jury?" sufficient). Easoon's cited caselaw is also distinguishable. *Ira Green, Inc. v. Military Sales & Service Co.* was decided in 2014, before the First Circuit held that the failure to individual poll jurors is *per se* reversible error in *Sargent*. Further, *Ira Green* related not to a denial of a request to poll but a request to poll the jury that the judge forgot in the shuffle of addressing an earlier oversight. 775 F.3d 12, 24 (3d Cir. 2014). The unreported *Simmons v. Napier* decision involved nearly the same situation: the judge invited a poll request, which was accepted but lost in the shuffle of correcting an earlier oversight. 626 Fed. Appx. 129, 124 (6th Cir. 2015). MOSO's poll request here was neither invited nor forgotten like the litigants in *Ira Green* and *Simmons*: it was denied.

Further, the facts and circumstances of the polling issue here are more like those presented in *Sargent*, where, after collectively asking the jurors if they agreed with the verdict, the court denied that the defendant's request to poll and then dismissed the jury. 66 F.4th at 13. In the Third Circuit, such polling constitutes *per se* error under Criminal Rule 31(d), which is identical in the relevant language of Rule 48(c). *Gov't of the Virgin Islands v. Hercules*, 875 F.2d 414, 418 (3d. Cir. 1989). Further, the presence or absence of indications of a lack of jury unanimity is irrelevant. *Sec. and Exch. Comm'n v. Sargent* (*Sargent I*), 605 F. Supp. 3d 316, 319 n3 (D. Mass. 2022). Further, the First Circuit considered a number of arguments regarding the harmlessness of failing to individually poll the jury after a party's request, and it concluded that none was availing. *Sargent II*, 66 F.4th at 17-20. Easoon offers no basis for distinguishing the First Circuit's analysis or explanation as to how Third Circuit precedent would lead to a finding

9

of harmlessness. Thus, for the reasons set forth in *Sargent II* and under the precedent established in *Hercules*, MOSO is entitled to a new trial.

### VII. LATE CONSTRUCTION OF 'SCRIMBER'

Plaintiffs argue that there is no fault in their having, for the first time at trial, treated the claim preamble as limiting nor with the Court's having construed "scrimber" as a positive limitation. Response at 19, Tr. at 783:10-784:1 (Court). The hypocrisy of Plaintiffs' position is clear. Plaintiffs claimed repeatedly before, during, and after trial that MOSO committed litigation misconduct by addressing anything having to do with claim construction or prosecution history estoppel after the claim construction proceedings in 2019. *See* D.I. 416 at 1, Tr. 868:8-9 (Plaintiffs' counsel); D.I. 442-2 at 10; D.I. 451 at 10-11. Plaintiffs now cite precedent providing the Court discretion to revisit prior claim construction. Response at 19. For Plaintiffs to accuse MOSO of misconduct for seeking the same exercise of discretion is duplicitous. In any event, the Court erred in not construing the preamble and not issuing a limiting instruction. To the extent JMOL is not granted in MOSO's favor on Plaintiffs' claim 1, MOSO is entitled to a new trial on the issue of infringement and invalidity.

### VIII. CLEAR WEIGHT OF EVIDENCE – NEW TRIAL

Plaintiffs do not dispute that the Court can grant a new trial if it declines to enter JMOL. As demonstrated above and in the Brief, the evidence weighs heavily against the jury's verdict on each claim against MOSO. The Court should, alternatively, order a new trial on any claim where JMOL in MOSO's favor is denied.

### IX. CONCLUSION

For the reasons stated, Defendants respectfully requests that the Court grant JMOL in Defendants' favor on the issues addressed in their brief. Alternatively, should the Court deny JMOL on one or more issues, a new trial is warranted such issues.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ David E. Moore*<br>     David E. Moore (#3983)<br>     Bindu A. Palapura (#5370)<br>     Hercules Plaza, 6th Floor<br>     1313 N. Market Street<br>     Wilmington, DE  19801<br>     Tel:  (302) 984-6000<br>     dmoore@potteranderson.com<br>     bpalapura@potteranderson.com<br><br>*Attorneys for Defendants MOSO North America, Inc. and MOSO International BV* |

OF COUNSEL:

Thomas G. Pasternak
Timothy K. Sendek
John M. Schafer
Ruben Castillo
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL  60606
Tel:  (312) 634-5700

Evelina Gentry
AKERMAN LLP
601 West Fifth Street, Suite 300
Los Angeles, CA  90071
Tel:  (213) 688-9500

Dated:  August 8, 2023
10957418 / 18779.00001 (cons.)