# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASSO INTERNATIONAL, INC. and<br>EASOON USA, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>MOSO NORTH AMERICA, INC. and<br>MOSO INTERNATIONAL BV,<br><br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 17-1574-MFK<br>)  (cons.)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## REPLY IN SUPPORT OF DEFENDANTS BRETT KELLY, MARK CLIFTON, AND DAVID OSTERMAN'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

OF COUNSEL:

Thomas G. Pasternak
Timothy K. Sendek
John M. Schafer
Ruben Castillo
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL  60606
Tel:  (312) 634-5700

Evelina Gentry
AKERMAN LLP
601 West Fifth Street, Suite 300
Los Angeles, CA  90071
Tel:  (213) 688-9500

Dated:  August 8, 2023
10957795 / 18779.00001 (cons.)

David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Brett Kelly, Mark Clifton, and David S. Osterman a/k/a Steve Osterman*

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 1

    A.    Easoon Has Not Identified Substantial Evidence That Supports the Jury's Verdict on Easoon Claim 4. ................................................................................................... 1

        1.    Substantial Evidence Does Not Support the Jury's Finding That Mr. Osterman Misappropriated Any Trade Secrets. ........................................................ 1

        2.    Substantial Evidence Does Not Establish Easoon's Ownership of the Identified Trade Secrets. ................................................................................. 2

        3.    Substantial Evidence Does Not Support the Jury's Finding That Easoon Took Reasonable Precautions to Protect Its Trade Secrets. ................................... 3

    B.    Substantial Evidence Does Not Support the Jury's Verdict on Easoon Claim 5. ............ 6

    C.    Substantial Evidence Does Not Support the Jury's Verdict on Easoon Claim 7. ............ 8

    D.    Substantial Evidence Does Not Support the Jury's Damages Award. ............................ 8

    E.    The Court Should Grant Defendants a New Trial on Any Remaining Claims. ............... 9

III. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*B & F Sys, Inc. v. LeBlanc*,
  No. 7:07-cv-192, 2011 WL 4103576 (M.D. Ga. Sept. 14, 2011) .............................................. 5

*DeRebeis v. Witten Techs., Inc.*,
  244 F.R.D. 676 (N.D. Ga. 2007) .............................................................................................. 1

*Essex Group, Inc. v. Southwire Co.*,
  501 S.E.2d 501 (Ga. 1998) ................................................................................................... 5, 6

*Gov't of the Virgin Islands v. Hercules*,
  875 F.2d 414 (3d Cir. 1989) ................................................................................................... 10

*Ira Green, Inc. v. Military Sales & Serv. Co.*,
  775 F.3d 12 (3d Cir. 2014) ....................................................................................................... 9

*Lightning Lube, Inc. v. Witco Corp.*,
  4 F.3d 1153 (3d Cir. 1993) ....................................................................................................... 2

*Lynn v. Lowndes Cnty. Health Services, LLC*,
  840 S.E.2d 623 (Ga. App. 2020) .............................................................................................. 7

*Sec. and Exch. Comm'n v. Sargent* (*Sargent I*),
  605 F. Supp. 3d 316 (D. Mass. 2022) ...................................................................................... 9

*Sec. and Exch. Comm'n v. Sargent* (*Sargent II*),
  66 F.4th 11 (1st Cir. 2023) ................................................................................................. 9, 10

*Servicetrends, Inc. v. Siemens Med. Sys., Inc.*,
  870 F. Supp. 1042 (N.D. Ga. 1994) ......................................................................................... 5

*Simmons v. Napier*,
  775 F.3d 12 (3d Cir. 2014) ....................................................................................................... 9

*Stargate Software Int'l v. Rumph*,
  482 S.E.2d 498 (Ga. App. 1997) .............................................................................................. 5

**Rules**

Fed. R. Civ. P. 48(c) .............................................................................................................. 1, 9, 10

Fed. R. Crim. P. 31(d) ................................................................................................................. 10

**I.      INTRODUCTION**

In its opposition to the Motion (D.I. 461, "Response") Easoon fails to substantively address the shortcomings in its case-in-chief, preferring instead to make several unsupportable assumptions about the jury's implicit findings, criticize the official transcript, and reintroduce a claim the Court has dismissed with prejudice.

Easoon does even less to address Defendants' alternative request for a new trial. Rather, Easoon blames Defendants for not citing Rule 48(c) specifically and then concludes that any error was harmless.

**II.     ARGUMENT**

> **A.     Easoon Has Not Identified Substantial Evidence That Supports the Jury's Verdict on Easoon Claim 4.**
>
>> **1.      Substantial Evidence Does Not Support the Jury's Finding That Mr. Osterman Misappropriated Any Trade Secrets.**

Easoon does not make any effort to dispute the Motion with respect to Mr. Osterman. Easoon confuses the argument raised in the Opening Brief. In the Response, Easoon states that "MOSO [sic] makes much of the fact that Easoon's CRM database was not listed on the verdict sheet as a trade secret." Response at 12. Easoon then concludes that verdict should not be disturbed with respect to Mr. Osterman because "The omission of [an] exhibit (PTX - 179) from the verdict form was an oversight." *Id.* However, Defendants' argument is based on the omission of Easoon's customer lists or CRM database from the definition of trade secret, not from the verdict form.[1] Opening Brief at 12-13. To the extent there was an oversight, it is one Easoon made; Easoon had the obligation to define the trade secrets allegedly misappropriated. *DeRebeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 681-82 (N.D. Ga. 2007). There is no evidence that Mr.

---

[1] The verdict form does not list any exhibits. D.I. 438.

Osterman misappropriated Easoon's price lists or financial information.  Opening Brief at 12.  Consequently, Mr. Osterman is entitled to JMOL in his favor on Easoon claim 4.

Implicitly acknowledging that the error would result in JMOL for Mr. Osterman, Easoon asserts he is liable under a theory of a civil conspiracy to misappropriate trade secrets.  Response at 12-13.  This argument is borderline frivolous.  Before trial, Easoon withdrew its civil conspiracy claim against each Defendant.  D.I. 425 at 3; O'Rourke Email Dated May 31, 2023 (attached as Ex. A) at 1.  The Court dismissed the untried claims from the 564 Action. D.I. 440 at ¶5.  Easoon's argument that Mr. Osterman is liable under a civil conspiracy theory is therefore meritless.

### 2. Substantial Evidence Does Not Establish Easoon's Ownership of the Identified Trade Secrets.

In defense of the verdict, Easoon draws an inference that "the jury necessarily found that Easoon was in a partnership with Tesoro Woods and that the measures used to restrict access to confidential information were reasonable under the circumstances given the partnership relationship and the small size of the companies." Response at 9.  Easoon ignores that the supposed "partnership" would be a separate entity that is not a party to this case.  Tr. 254:17-18, 988:21-22, 991:23-992:5 (Chua) (acknowledging that Easoon, Tesoro Woods, and TW Flooring Group are separate entities).  As the Third Circuit explained, verdicts must be supported by more than "a scintilla of evidence" and that only "***reasonable and logical*** inferences" are drawn in favor of the non-moving party. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1164 (3d Cir. 1993) (citations omitted).  The inference Easoon relies on to support the verdict is itself not supported by substantial evidence and is not logical or reasonable.  Notably, there is no basis provided that would give Easoon the ability to assert the supposed partnership's right.

Easoon claims that ownership of the alleged trade secrets misappropriated by Mr. Clifton came down to a credibility determination: the jury chose to believe Mr. Chua over Mr. Clifton.

Response at 9-10.  Easoon incorrectly concludes that Defendants' argument is that the jury "should have believed Mr. Clifton." *Id.*  Rather, Defendants contend that Mr. Chua's testimony alone does not establish that Easoon is the owner of the allegedly misappropriated trade secrets.  Opening Brief at 6 (citing Tr. 253:18-24, 290:25-291:4 (Chua)).  The Response establishes this point. While Easoon claims that "Mr. Chua's testimony is sufficient to establish ownership of the trade secrets found at [the 31 exhibits identified in the jury instructions]," Easoon does not cite to any testimony where Mr. Chua claims that Easoon, as opposed to TW Flooring Group or the supposed "partnership," owns the allegedly proprietary material.

Moreover, Mr. Chua did not provide *any testimony* as to some of these exhibits.  PTX-69 was introduced through Mr. Kelly; PTX-95, 102, 104, and 105 were discussed during Mr. Osterman's testimony; and PTX-125, 128, 129, 137, and 149 were discussed during Mr. Veltman's testimony.[2]  *Accord* Opening Brief at 5 (identifying the nine exhibits Mr. Chua identified as containing Easoon's confidential and proprietary information).  Thus, Easoon's claim that Mr. Chua's testimony established Easoon's ownership of the alleged trade secrets is neither accurate nor sufficient to establish the Easoon owns the alleged misappropriated trade secret materials.

### 3. Substantial Evidence Does Not Support the Jury's Finding That Easoon Took Reasonable Precautions to Protect Its Trade Secrets.

Plaintiffs do not dispute the absence of evidence establishing any formal agreement between Easoon and TW Flooring Group that would protect the secrecy of the trade secrets allegedly misappropriated by Mr. Clifton. Nor does Easoon contest the evidence cited by Defendants establishing that Easoon and TW Flooring Group were separate entities.  *See* Opening Brief at 10.  Instead, Easoon again attempts to rely on inferences to substantiate the jury's verdict.

---

[2] PTX-125, 128, 129, 137, or 149 were not formally admitted into evidence.

3

In the Response, Easoon contends that because "Mr. Clifton was working as a shared resource for Easoon in a partnership arrangement it had with Tesoro Woods[,] … the jury necessarily found that his access to financial information was pursuant to this partnership, and not the act of a 'third party' obtaining the information." Response at 10.  According to Easoon, "substantial evidence supports the jury's finding." *Id*.  Notably, Easoon does not identify what the substantial evidence is. *See id.*  At most, Easoon cites two pages from Mr. Chua's testimony that allegedly show a partnership between Easoon and Tesoro Woods. *Id.* at 5 (citing Tr. at 182, 187). A review of the cited transcript pages shows only that Easoon and Tesoro Woods worked together to sell certain products, include the Dasso XTR products.  Tr. 182:13-21 (Chua).  Easoon offers no authority that would substantiate the argument that working together creates a partnership, much less confidentiality obligations between the two companies.  Indeed, the parties to the "partnership" were in active litigation against each other when this case was filed. Tr. 266:2-13 (Chua); DTX-377 at ¶36.

As additional evidence of reasonable protective measures, Easoon cites only to Mr. Chua's testimony of password protecting certain Easoon information, the existence of Easoon and TW Flooring Group employee manuals that are allegedly referenced in the Defendants' respective "employment agreements," and the fact that Easoon and TW had only ten employees at the relevant time. Response at 10, 11.  Here, Easoon attempts to disavow Mr. Chua's unhelpful direct rebuttal testimony by claiming that the transcript includes "a typo." *Id.* at 10.  Yet Easoon ignores the fact that Mr. Chua qualified Easoon and TW's use of password control ***twice*** during his rebuttal testimony.[3]  Tr. 985:15-18, 986:4-7 (Chua) ("Well, basically everything is controlled by password ***as we live right now*** …. Yeah. Yeah, ***as we live right now***, we have password control on

---

[3] To the extent there are errors in the transcript, Easoon has taken no measures to correct them.

4

everything.") (emphasis added).  Easoon failed in the Response to address this testimony, and thus fails to show how Mr. Chua's testimony can qualify as substantial evidence of reasonable efforts to protect Easoon's alleged trade secret.

Easoon also fails to explain how the TW Flooring Group employee handbook has any bearing on the measures taken by Easoon to protect its trade secrets.  As noted above, Mr. Chua admitted that Easoon, TW, and TW Flooring Group were all separate entities.  Tr. 254:17-18, 988:21-22, 991:23-992:5 (Chua).  Further, acknowledgment of a handbook is not, by itself, evidence of reasonable protective measures.  *B & F Systems, Inc. v. LeBlanc*, No. 7:07-cv-192, 2011 WL 4103576, at *24-26 (M.D. Ga. Sept. 14, 2011); *see also Stargate Software Int'l v. Rumph*, 482 S.E.2d 498, 501, 502 (Ga. App. 1997) (finding that confidentiality agreements with employees was not, by itself, sufficient for protecting the plaintiffs' trade secrets).

In the Response, Easoon does not contest the fact that it did not produce evidence of any agreement with its customers to keep the Dasso XTR price lists confidential.  Instead, Easoon contends that one of the cases cited in the Opening Brief is distinguishable because the Dasso XTR price lists "were tailored for individual customers (builders, retailers, etc.)."  Response at 11 (citing *Servicetrends, Inc. v. Siemens Med. Sys., Inc.,* 870 F. Supp. 1042, 1074 (N.D. Ga. 1994)).  Because "no customer received all of the information at once so that it could see the complete Easoon pricing structure," Easoon concludes that "trade secret protection is not lost for this information based on the alleged 'disclosure.'"  Response at 11 (citing *Essex Group, Inc. v. Southwire Co.*, 501 S.E.2d 501, 503 (Ga. 1998)).  In other words, Easoon argues that even though it took no actions to maintain the confidentiality of the Dasso XTR price lists, the collection of price lists should still qualify as a trade secret because Easoon never gave a customer more than one price list.  Not so.

The principle in *Essex* does not go as far as Easoon claims. In that case, the court upheld a finding that a logistics system qualified as a trade secret even though the "most, if not all of the computer hardware components and warehouse equipment in Southwire's logistics system are commercially available." *Essex*, 501 S.E.2d at 503. Notably, the court also found that the proponent of the trade secret claim had met the statutory requirements for protecting its trade secrets. *Id.* In contrast, Easoon did not gather its price lists from publicly available sources to create a "unique" combination that was not generally known to the public. Rather, Easoon failed to make any effort to maintain the secrecy of its price lists. Further, Easoon does not cite any evidence supporting the claim that "no customer received all of the information at once so that it could see the complete Easoon pricing structure." Response at 11. Nor does Easoon cite any specific measures taken to protect the secrecy of "the complete Easoon pricing structure." *See id.* Substantial evidence does not support a finding that the Dasso XTR price lists are trade secrets.

For these reasons and the reasons set forth in the Opening Brief, the Court should grant JMOL in Defendants' favor on Easoon claim 4.

### B. Substantial Evidence Does Not Support the Jury's Verdict on Easoon Claim 5.

Easoon does not identify substantial evidence that would support the jury verdict against Mr. Kelly on Easoon's claim for breach of fiduciary duty. In contending that Mr. Kelly was its agent, Easoon points to Mr. Chua's testimony and two exhibits: an employment letter (PTX-687) and a single agreement signed by Mr. Kelly (PTX-695). Response at 13-14. However, Easoon ignores the fact that the alleged employment letter is from dassoXTR, not Easoon; was signed by Mr. Jopling, not Mr. Chua; and identifies the address as TW Flooring Group's New Jersey address, not Easoon's Georgia address. *See* PTX-687. Further, the employment agreement does not identify signing sales contracts on Easoon's behalf as one of his responsibilities or otherwise give any indication that Mr. Kelly would be considered an agent for Easoon. *Id.* And while the

6

employment letter states that Mr. Kelly would be a regular full-time employee, it was undisputed that Mr. Kelly was paid as an independent contractor. Tr. 184:15-19 (Chua), 637:2-8 (Kelly). Nothing in the employment letter establishes that Mr. Kelly was anything more than a salesman for the Dasso XTR brand. Such is not substantial evidence of an agency relationship with Easoon.

The only evidence of Mr. Kelly's alleged agency is Mr. Chua's testimony and a single, undated agreement signed by Mr. Kelly. Response at 14.  As Defendants have explained, this is simply insufficient evidence to uphold the jury's verdict on claim 5.  Opening Brief at 13-15 (explaining the absence of evidence needed to establish an agency relationship under Georgia law). Moreover, this is exactly the situation discussed in *Lynn v. Lowndes Cnty. Health Services, LLC*. 840 S.E.2d 623, 629 (Ga. App. 2020) (holding that a principal's testimony about the status of another as his agent must have some evidentiary support).  There is not substantial evidence to support a finding that Mr. Kelly was an agent of Easoon.

Easoon's evidence of control over Mr. Kelly's activities is similarly deficient.  As such, Easoon cannot rightfully claim Mr. Kelly as an agent or employee who owed Easoon a fiduciary duty.  Easoon points to four alleged facts that would support the verdict under this theory: (1) Mr. Chua being CEO of Easoon; (2) an email from Mr. Kelly requesting that Mr. Chua "fix" things; (3) testimony where Mr. Kelly brought concerns to Mr. Chua ***and Mr. Jopling***; and (4) Mr. Kelly's employment letter. Response at 14.  As explained above, the employment letter does not mention Easoon, and Easoon makes no effort to explain how the letter establishes Easoon's control over Mr. Kelly.  Further, the email and testimony cited involve Mr. Kelly ***requesting Mr. Chua*** to do something.  *See* PTX-307; Tr. 645:3-646:22 (Kelly).  Nothing in the cited evidence establishes that Mr. Chua had the ability to control over Mr. Kelly's activities.  And Easoon cites no authority that would establish an individual's capacity as CEO automatically gives him control of

independent contractors. There is not substantial evidence to support a finding that Easoon had control over Mr. Kelly. The Court should grant JMOL in Mr. Kelly's favor on Easoon claim 5.

### C. Substantial Evidence Does Not Support the Jury's Verdict on Easoon Claim 7.

Easoon's arguments that the jury's verdict on claim 7 is supported by substantial evidence are also meritless. Easoon claims that the "jury found that Mr. Kelly either lied outright or omitted critical information about his trip to China through the Netherlands." Response at 15. As a threshold matter, this argument only goes to the nature of the allegedly false statement Mr. Kelly made – the first element of Easoon's fraud claim. Easoon makes no attempt to show that substantial evidence supports any other element of its fraud claim. Because the arguments with respect to the other elements are unrebutted, Mr. Kelly is entitled to JMOL in his favor on Easoon claim 5. Even with respect to the alleged misrepresentations, Easoon cites no case law that would establish that Mr. Kelly had an obligation to Easoon that would require him to disclose his reason for flying to the Netherlands. In summary, no element of Easoon's fraud claim is supported by substantial evidence, and the Court should enter JMOL in Mr. Kelly's favor on Easoon claim 7.

### D. Substantial Evidence Does Not Support the Jury's Damages Award.

Easoon's basis for contesting the Motion with respect to damages is that the Defendants should be held jointly and severally liable for conspiring with MOSO: "The evidence was clear that Defendants' tortious behavior was done hand-in-hand with MOSO's patent infringement and MOSO's tortious conduct (which involved the individual Defendants)." Response at 16. As explained above, Easoon withdrew its civil conspiracy claim before trial, and the Court has dismissed all untried claims. D.I. 425 at 3; O'Rourke Email Dated May 31, 2023 (attached as Ex. A) at 1; D.I. 440 at ¶5. As such, Easoon's argument for liability is without merit or justification.

Easoon also contends that "Mr. Newman was very precise in how he calculated the damages, and there was no speculation involved." Response at 16. This statement is again

unsupported attorney argument. It is also incorrect. Mr. Newman's damages opinions were based on the claims against MOSO, not the claims against Defendants. Opening Brief at 17. Further, Mr. Newman simply assumed liability; there is no evidence in the record that would support the jury's award against Defendants. *Id.* Accordingly, the Court should grant the JMOL in Defendants' favor on Easoon claims 4, 5, and 7 due to a failure of proof of damages.

### E. The Court Should Grant Defendants a New Trial on Any Remaining Claims.

To the extent the Court does not grant JMOL in Defendants favor on any claim, the Response does not warrant denial of a new trial on any such claims. Easoon's argument that Defendants failed to "insist" or "cite Fed. R. Civ. P. 48(c)" invites the legal error and ignores the fact that neither side had a reasonable opportunity to address the issue; the Court dismissed the jury immediately after first denying the request to poll the jury and then collectively polling the jury by asking the jurors to raise their hands if they disagreed with the verdict. Tr. 1161:16-1162:2.

Easoon's claim that waiver occurs unless one cites Rule 48(c) is plainly without authority. *See Sec. and Exch. Comm'n v. Sargent* (*Sargent II*), 66 F.4th 11, 14 (1st Cir. 2023) (finding the request "Can we poll the jury?" sufficient). Easoon's cited caselaw is also distinguishable. *Ira Green, Inc. v. Military Sales & Service Co.* was decided in 2014, before the First Circuit held that the failure to individual poll jurors is *per se* reversible error in *Sargent*. Further, *Ira Green* related not to a denial of a request to poll but a request to poll the jury that the judge forgot in the shuffle of addressing an earlier oversight. 775 F.3d 12, 24 (3d Cir. 2014). The unreported *Simmons v. Napier* decision involved nearly the same situation: the judge invited a poll request, which was accepted but lost in the shuffle of correcting an earlier oversight. 626 Fed. Appx. 129, 124 (6th Cir. 2015). Defendant's poll request here was neither invited nor forgotten like the litigants in *Ira Green* and *Simmons*: it was denied.

9

Further, the facts and circumstances of the polling issue here are more like those presented in *Sargent*, where, after collectively asking the jurors if they agreed with the verdict, the court denied that the defendant's request to poll and then dismissed the jury. 66 F.4th at 13. In the Third Circuit, such polling constitutes *per se* error under Criminal Rule 31(d), which is identical in the relevant language of Rule 48(c). *Gov't of the Virgin Islands v. Hercules*, 875 F.2d 414, 418 (3d. Cir. 1989). Further, the presence or absence of indications of a lack of jury unanimity is irrelevant. *Sec. and Exch. Comm'n v. Sargent* (*Sargent I*), 605 F. Supp. 3d 316, 319 n3 (D. Mass. 2022). Further, the First Circuit considered a number of arguments regarding the harmlessness of failing to individually poll the jury after a party's request, and it concluded that none was availing. *Sargent II*, 66 F.4th at 17-20. Easoon offers no basis for distinguishing the First Circuit's analysis or explanation as to how Third Circuit precedent would lead to a finding of harmlessness. Thus, for the reasons set forth in *Sargent II* and under the precedent established in *Hercules*, Defendants are therefore entitled to a new trial.

Finally, as the Opening Brief and the Response demonstrate, the evidence weighs substantially against the jury's verdict on the three claims asserted against Defendants. Plaintiffs rely almost exclusively on Mr. Chua's unsupported and uncorroborated testimony to establish elements of the claims that is contrary to the documentary evidence of the case. If the Court does not grant Defendants JMOL on each of Easoon claims 4, 5, and 7, the Court should grant a new trial in Defendants favor on any remaining claims.

### III. CONCLUSION

For the reasons stated, Defendants respectfully requests that the Court grant JMOL in Defendants' favor on the issues above. Alternatively, should the Court deny JMOL on one or more issues, a new trial is warranted on such issues.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Thomas G. Pasternak<br>Timothy K. Sendek<br>John M. Schafer<br>Ruben Castillo<br>AKERMAN LLP<br>71 S. Wacker Drive, 47th Floor<br>Chicago, IL  60606<br>Tel:  (312) 634-5700<br><br>Evelina Gentry<br>AKERMAN LLP<br>601 West Fifth Street, Suite 300<br>Los Angeles, CA  90071<br>Tel:  (213) 688-9500<br><br>Dated:  August 8, 2023<br>10957795 / 18779.00001 (cons.) | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ David E. Moore*<br>     David E. Moore (#3983)<br>     Bindu A. Palapura (#5370)<br>     Hercules Plaza, 6th Floor<br>     1313 N. Market Street<br>     Wilmington, DE  19801<br>     Tel:  (302) 984-6000<br>     dmoore@potteranderson.com<br>     bpalapura@potteranderson.com<br><br>*Attorneys for Defendants Brett Kelly, Mark Clifton, and David S. Osterman a/k/a Steve Osterman* |